## SKYLER LIMITED PARTNERSHIP *v.* S.P. DOUTHETT AND COMPANY, INC., ET AL.
### (7007)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued February 14—decision released April 25, 1989

*Robert L. Genuario,* for the appellant (defendant Alan Fishman).

*Frederic S. Ury,* with whom, on the brief, was *Jessica L. Braus,* for the appellee (plaintiff).

NORCOTT, J. This is an appeal from a decision in an action for breach of a commercial lease. The plaintiff, Skyler Limited Partnership, brought the action against the defendant corporation, S.P. Douthett and Company, and its directors, Scott P. Douthett and Alan Fishman, after the defendant company defaulted on rent payments.[1] In its complaint, the plaintiff alleged that the defendant corporation had fraudulently transferred corporate funds to Fishman to avoid the corporate debt to the plaintiff. On June 30, 1986, the trial court, *Spear, J.,* defaulted Fishman pursuant to Practice Book § 231[2] after he failed to appear at a deposi-

---

[1] The cross-complaint brought by the individual defendant Douthett against the defendant Fishman is not at issue in this appeal.

[2] Practice Book § 231 provides in pertinent part: "ORDER FOR COMPLIANCE; FAILURE TO ANSWER OR COMPLY WITH ORDER

"If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production or for disclosure of the existence and contents of an insurance policy or the limits thereof, or has failed to submit to a physical or mental examination, or has failed to comply with a discovery order made pursuant to Sec. 230A, or has failed to comply with the provisions of Sec. 232, or has failed to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise substantially to comply with any other discovery order made pursuant to Secs. 222, 226, and 229, the court may, on motion, make such order as the ends of justice require.

"Such orders may include the following: (a) The entry of a nonsuit or default against the party failing to comply . . . ."

tion on June 10, 1986. Neither Fishman nor his counsel attended the June 30, 1986 hearing.

The case against Fishman's codefendants was then tried before an attorney trial referee on July 15 and 17, 1986, and a hearing in damages immediately followed the conclusion of the trial on July 17.[3] Again, neither Fishman nor his counsel was present during those proceedings. In his report, the attorney trial referee found the defendants, S.P. Douthett and Company, Scott P. Douthett and Alan Fishman liable to the plaintiff for $246,224 in liquidated damages arising out of the breach of the commercial lease agreement.

On July 8, 1987, more than one year after the interlocutory default had been entered against him, but before judgment was rendered, Fishman filed a motion to set aside the default. The trial court, *Spear, J.,* denied the motion after a full hearing on August 10, 1987. On August 5, 1987, Fishman also filed a pro se motion to correct the attorney trial referee's report, which the trial court, *Jacobson, J.,* denied on August 13. Thereafter, the trial court, *Jacobson, J.,* accepted the attorney referee's report and rendered judgment in accordance with it on April 13, 1988. The defendant Fishman now appeals from that judgment.

On appeal, Fishman claims that the trial court erred (1) in entering a default against him, (2) in denying his motion to set aside the default, and (3) in rendering judgment against him in the amount of $246,224. We find no error.

Fishman's claim that the trial court erred in entering a default against him for his failure to appear at

---

[3] The court separated the codefendants' trial on liability from the hearing in damages, although they took place on the same day. Because Fishman's liability had been determined by the entering of a default, the apparent reason for this action was to allow the court to allocate the damages properly among all three defendants.

a duly scheduled and noticed deposition requires little discussion. The essence of this contention is that confusion over Fishman's legal representation was the cause of his absence from the deposition, and therefore he should not have been sanctioned with a default pursuant to Practice Book § 231.

Our review of the record reveals that, at the time of the default, the motions to withdraw filed by Fishman's counsel of record had not been granted and Fishman had not filed a pro se appearance. On May 29, 1986, before the court entered the default, Fishman obtained his file from his counsel and went to the office of the plaintiff's counsel, ostensibly for the purpose of discussing the matter of the deposition. This event, however, was of no consequence as to Fishman's legal representation because the trial court had not allowed his counsel to withdraw. In any event, the deposition remained scheduled, and Fishman did not appear for it.

After reviewing the record, we find that it was not an abuse of discretion for the trial court to conclude that Fishman bore the consequences of any confusion regarding his counsel and that he should be sanctioned by default for his failure to appear for a deposition that was noticed to his counsel four times. The knowledge of an attorney is imputed to the client unless "circumstances render it certain or probable that the attorney will disregard the duty to communicate the material facts to his clients." *Allen* v. *Nissley,* 184 Conn. 539, 543, 440 A.2d 231 (1981). In this case, it is clear that both Fishman and his counsel knew of the scheduled deposition. The trial court did not err in entering a default against him for his failure to appear for it.

Fishman next claims that the trial court erred in denying his motion to set aside the default. Pursuant to Practice Book § 376 "[a] motion to set aside a default where no judgment has been rendered may be granted

by the court for good cause shown upon such terms as it may impose." The determination of whether to set aside the default is within the discretion of the trial court. See *White's Appeal,* 75 Conn. 314, 318, 53 A. 582 (1902). The issue presented here is whether a defaulted defendant needs to receive a separate, formal notice of a hearing in damages when that defendant has received both notice of the entering of the default and notice of his codefendant's scheduled trial.

The facts relevant to this claim are as follows. After the defendant Fishman was defaulted, the clerk of the court mailed notice of the default to his counsel of record. Fishman did not take any action as to the entering of default for over a year. In the interim, the clerk also sent notice of the codefendants' trial to Fishman. The trial court heard the case and held a hearing in damages immediately following the trial. It is clear from the record that both Fishman and his counsel were fully aware of the trial, which took place on July 15 and 17, 1986. Fishman did not appear at the trial and was not present at the hearing in damages. Interestingly, the court did not render judgment on the default until almost two years after it had ordered the default and after the trial and the hearing in damages had been held, and eight months after it had denied Fishman's motion to open the default.

The essence of Fishman's claim is that, because he did not receive a separate notice of the hearing in damages and thus an opportunity to be heard on the question of damages, the trial court erred in denying his motion to open the default. We disagree.

" ' "It is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." *Osterlund* v. *State,* 129 Conn. 591, 596, 30 A.2d 393 [1943].'

*Winick* v. *Winick,* 153 Conn. 294, 298–99, 216 A.2d 185 (1965)." *Bonner* v. *American Financial Marketing Corporation,* 181 Conn. 57, 58, 434 A.2d 323 (1980). In Connecticut, our General Statutes and rules of practice set forth a procedural scheme that protects a defendant, who has suffered an interlocutory default, from an unnoticed judgment on the default and hearing in damages. Only when the defendant is defaulted for failure to appear for trial may judgment be rendered without notice to the defendant. Practice Book § 364 (a). Otherwise, in certain cases such as contract actions in which the damages are liquidated, as in this case, the court may render judgment at the time it renders the default, provided the plaintiff has also filed, among other documents, a motion for judgment. See Practice Book § 364 (b).

Practice Book § 369[4] requires that the clerk give notice of the entry of a default to either the defendant or his attorney. It does not, however, mandate that notice of a hearing in damages be specifically given to a defaulted defendant who has filed an appearance. A defendant has ten days from the date of the entry of the default within which to file notice to the plaintiff of his intention to file defenses. See Practice Book §§ 368 and 369. Although defaulted, a defendant may still contest liability at a hearing in damages, provided that he has given the plaintiff notice of his intentions. General Statutes § 52-221 (a); Practice Book § 367; *Travelers Indemnity Co.* v. *Rubin,* 209 Conn. 437, 445 n.7, 551 A.2d 1220 (1988). Even if a defaulted defend-

---

[4] Practice Book § 369 provides: "NOTICE BY CLERK

"The clerk shall give notice of entry of a default, in the case of a defendant who has filed an appearance, either in person to the defendant or his attorney, or by mail, and in the case of a nonappearing defendant, by mailing such notice to the defendant at his last known address. The clerk shall enter on the docket the date when he gives or mails the notice, and said period of ten days shall run from said date."

ant fails to give notice of his defenses, he may still appear at the hearing in damages and offer evidence, without notice, to reduce the amount of damages claimed. Practice Book § 374. Thus, while the procedural scheme in Connecticut gives a defaulted defendant every opportunity to protect his rights with respect to the hearing in damages, there was no affirmative duty on the part of the court or the plaintiff, under the circumstances of this case, to notify Fishman of anything more than the trial at which the codefendants challenged liability.

Fishman's reliance on *Bonner* v. *American Financial Marketing Corporation,* supra, is misplaced. In *Bonner,* our Supreme Court held that the trial court erroneously failed to open the sole defendant's default when the court, without a motion for judgment before it, rendered judgment on the default three days after it had ordered the default. The Supreme Court held that the defendant had not received appropriate notice of a hearing in damages at which it could have raised defenses, assuming proper notice to the plaintiff. It is clear that *Bonner* does not support Fishman's contention that, under the circumstances of this case, in which the judgment was not rendered at the time of the default, either the court or the plaintiff was required to notify Fishman, who had notice of the default itself, of anything more than the date of the trial. Once he received the notice of the trial, Fishman's immediate concern, as opposed to that of his codefendants, was the hearing in damages. Prudence dictated that he attend the trial if for nothing more than to determine the status of the hearing in damages that would occur at some point following the conclusion of the trial. Fishman, however, did not attend the trial. The burden of protecting his remaining rights with respect to the hearing in damages was that of Fishman alone. "A litigant cannot wholly ignore established procedures for

the protection of [his] rights, as this defendant has done, and hope to receive on appeal the same treatment accorded to those who follow the rules of practice." *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 518, 508 A.2d 415 (1986).

Indeed, in this case Fishman never attempted to protect any of his rights in a timely fashion. He first failed to appear at the deposition; second, he imprudently delayed the filing of his motion to set aside the default; third, he failed to file any defenses with respect to liability or damages; and lastly, he failed to appear at the trial and hearing in damages. This case is not one in which a defendant failed to receive adequate notice and an opportunity to be heard on the question of damages; Fishman merely suffered the consequences of his own inaction. We conclude that the trial court did not abuse its discretion in denying Fishman's motion to set aside the default.

Fishman also claims that the judgment of the trial court is not in conformity with the pleadings. Practice Book § 375 provides that, upon a default, a plaintiff can have no greater relief than that demanded in his complaint. " 'It is still the law that the right of the plaintiff to recover is limited by the allegations of the complaint.' *Strimiska* v. *Yates,* 158 Conn. 179, 185, 257 A.2d 814 [1969]; and any judgment should conform to the pleadings, the issues and the prayers for relief." *Kawasaki Kisen Kaisha, Ltd.* v. *Indomar, Ltd.,* 173 Conn. 269, 272, 377 A.2d 316 (1977). The risk a defaulted defendant takes in not contesting damages must be limited to a judgment against him in an amount equal to or less than that demanded in the complaint.

Fishman claims that the plaintiff never pleaded any theory upon which he could be held liable for corporate debts, so that even if a fraudulent conveyance had been proved, damages would be limited to the alleged amount of that conveyance, $209,000, and could not

properly be assessed at the corporate debt amount of $246,224. It is clear from our review of the record that the fifth count of the plaintiff's complaint, regarding Fishman's wrongful disregard for the corporate entity, provided a sufficient basis for the trial court to have pierced the corporate veil and found him liable for the corporate debt to the plaintiff. The trial court so found. We review a case "on the theory upon which it was tried and upon which the trial court decided it." *Fuessenich* v. *DiNardo,* 195 Conn. 144, 151, 487 A.2d 514 (1985); see also *Builders Service Corporation* v. *Planning & Zoning Commission,* 208 Conn. 267, 299 n.19, 545 A.2d 530 (1988). We conclude that the trial court did not allow the plaintiff greater relief than that demanded in the complaint.

We find Fishman's remaining claims of error, that there was insufficient evidence at the trial to support (1) a finding of fraudulent conveyance, (2) a finding that Fishman was liable for corporate debts, or (3) a finding that the plaintiff was entitled to liquidated damages to be unreviewable. A default admits the material facts that constitute a cause of action; *Travelers Indemnity Co.* v. *Rubin,* supra, 445; and "entry of default, when appropriately made, conclusively determines the liability of a defendant." *Ratner* v. *Willametz,* 9 Conn. App. 565, 579, 520 A.2d 621 (1987). Fishman raised no defenses to his liability pursuant to the relevant statutes and rules of practice. His claims as to the insufficiency of the evidence refer to the evidence presented at the trial to determine the liability of his codefendants. Fishman may not raise claims of error in a trial at which he was not a party to support reversal of the determination of his liability which was based on the entering of a default. Accordingly, we need not reach those claims.

There is no error.

In this opinion the other judges concurred.