TOWN OF VOLUNTOWN *v.* JULIUS RYTMAN ET AL.
(10332)

DUPONT, C. J., HEIMAN and FREEDMAN, Js.

Argued March 23—decision released May 12, 1992

*Donald R. Beebe,* with whom was *Thomas W. Norton,* for the appellant (named defendant).

*Richard J. Duda,* for the appellee (plaintiff).

*Joseph J. Cassidy,* for the appellee (defendant Connecticut National Bank).

FREEDMAN, J. The defendant Julius Rytman appeals from a judgment of foreclosure by sale rendered against him with respect to a certain piece of property located in the town of Voluntown. Rytman claims that the trial court improperly (1) refused to order a sale of a portion of the subject property to satisfy his debt to the plaintiff, (2) prohibited him from presenting evidence concerning the standing of one of the other defendants, a subsequent encumbrancer of the property in question, (3) refused to permit him to present evidence concerning certain paragraphs of the plaintiff's complaint, (4) denied his motion to stay this foreclosure action pending the outcome of other litigation, (5) permitted two other defendants to participate in this matter after both had been defaulted for failure to disclose a defense, and (6) entered a default against him for failure to disclose a defense when in fact he had disclosed defenses. We affirm the judgment of the trial court.

The following facts are pertinent to the disposition of this appeal. Rytman owns a certain 9.98 acre parcel of land in Voluntown on which he operated a poultry farm. In 1988, the town of Voluntown instituted this action to foreclose various tax liens it held against this property dating back to 1984. The plaintiff's complaint named as defendants Rytman and various subsequent encumbrancers of the property, including Connecticut National Bank (CNB) and Colchester Foods, Inc. (CFI). CNB's lien against Rytman's property stemmed from a five million dollar blanket mortgage that Rytman had given for property he owned, including the parcel in question. CFI's lien derived from a lis pendens it had placed on the property in 1987, with respect to a financing statement securing equipment and fixtures, as well as a mortgage and a mortgage modification, both in the original amount of $500,000.

Rytman filed an answer and raised four special defenses to the plaintiff's complaint. All of the other

defendants, including CNB and CFI, were defaulted, either for a failure to appear or for a failure to disclose defenses. The matter was tried to the court on May 21 and 22, 1991. Evidence was presented that certain of the junior liens had been released, but that at least four of the liens remained on the property. On May 29, 1991, the court rendered judgment for the plaintiff, in which it found the debt due the plaintiff to be $20,046.87 and awarded the plaintiff $5500 in attorney's fees, an appraisal fee of $1000 and a title search fee of $200. The court valued the subject property at $220,000 and rendered a judgment of foreclosure by sale, which was to take place on July 13, 1991. Rytman has timely appealed the judgment of the trial court, thereby effecting an automatic stay of proceedings.

I

Rytman argues that the trial court improperly denied his motion for foreclosure by sale of only a portion of the property. At trial, Rytman presented evidence that the value of a certain two acre parcel, being a portion of the premises, was approximately $40,000. He also presented a witness who testified that he would bid up to $44,000 for that portion. Rytman claims that because the plaintiff's lien was approximately $20,000, a sale of this portion would cover not only the outstanding amount due, but also all reasonable costs associated therewith.

The trial court has discretion, under General Statutes § 49-25, to order a sale of a portion of the property. *Voluntown* v. *Rytman,* 21 Conn. App. 275, 281, 573 A.2d 336, cert. denied, 215 Conn. 818, 576 A.2d 548 (1990). A trial court does not, however, abuse its discretion by refusing to order a sale of a portion of the property when there are other encumbrancers who have liens on the entire premises. Id. In addition to CFI and CNB, the record indicates that the state of Con-

necticut holds a $15,690 lien on the property and Hanson Industries holds a $175,000 lien on the property. Both of the latter encumbrances cover the entire premises, and the record does not disclose that either lien has been released. " 'In a foreclosure proceeding the trial court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee, but also to subsequent encumbrancers and the owner.' *Fidelity Trust Co.* v. *Irick,* 206 Conn. 484, 490, 538 A.2d 1027 (1985)." *Farmers & Mechanics Savings Bank* v. *Sullivan,* 216 Conn. 341, 355, 579 A.2d 1054 (1990). Here, where there are several subsequent encumbrancers in addition to CNB and CFI, who had encumbrances on the entire premises, "it would [be] unfair to permit a sale of a portion of the encumbered premises, free of the succeeding encumbrances, because it would involuntarily reduce the security interest of those encumbrancers and force them to settle for less than what they had bargained for." *Voluntown* v. *Rytman,* supra.

A judgment of strict foreclosure would have given the plaintiff a windfall of approximately $200,000 had none of the other encumbrancers invoked their right of redemption. A judgment of foreclosure by sale of a portion would have involuntarily reduced the security of the subsequent encumbrancers. On the other hand, a judgment of foreclosure by sale of the entire parcel would enable the plaintiff to receive the amount to which it is entitled, and have nearly $200,000 remaining to pay other encumbrancers or Rytman himself. We conclude, therefore, that the trial court did not abuse its discretion when it refused to order a foreclosure by sale of a portion of the property.

## II

Rytman's next two claims are interrelated, and may be addressed together. Rytman claims that the trial

court improperly precluded him from presenting evidence regarding the standing of CFI in this matter, and improperly refused to permit him to present evidence concerning certain paragraphs in the plaintiff's complaint, which pleaded the existence of CNB's and CFI's recorded liens on this property. In essence, Rytman sought to litigate in the plaintiff's foreclosure action the validity of these two subsequent encumbrances prior to the entry of a judgment of foreclosure. Rytman suggests that this cross litigation between defendants was necessary because, if their liens were proven invalid, the trial court could order a foreclosure by sale of only a portion of his property to satisfy the plaintiff's lien.

Rytman's claims are misguided for several reasons. First, the sole questions initially before the trial court in this action were whether Rytman owed the town for previously assessed property taxes, the amount outstanding, and whether that amount due was secured by a lien on the subject property. The town, in an action to foreclose municipal tax liens, is required to allege and prove only that the defendant owned the subject property when the property went onto the tax list, or when the assessment in question was made; that the assessment was duly and properly assessed on the property and became due and payable; that thereafter a lien for the amount of taxes due was filed and recorded in the land records; that the amount due remains outstanding; and that there existed other encumbrances of record. Practice Book § 187.[1] The validity of subsequent encumbrances, therefore, is irrelevant to the determination of those issues, and, thus, the trial court properly precluded Rytman from litigating them in this proceeding.

---

[1] Practice Book § 187 provides: "In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) The ownership of the liened premises on the date when the same went into the

Second, Rytman's claims are premised on his belief that the invalidity of CNB's and CFI's liens is relevant to the trial court's determination of the type of foreclosure judgment it will render. It has been held, however, that when the value of the property substantially exceeds the value of the lien being foreclosed, the trial court abuses its discretion when it refuses to order a foreclosure by sale. *Fidelity Trust Co.* v. *Irick,* supra, 488–89; *Connecticut Savings Bank* v. *Burger,* 23 Conn. App. 192, 196, 579 A.2d 1097 (1990). Here, the debt owed to the plaintiff by Rytman was approximately $20,000. The trial court found that the value of the property was $220,000. Because the value of the property far exceeded the plaintiff's lien, substantial equity existed in the property beyond the debt owed to the plaintiff and the trial court properly ordered a foreclosure by sale. See, e.g. *Fidelity Trust Co.* v. *Irick,* supra; *Connecticut Savings Bank* v. *Burger,* supra.

Finally, Rytman suggests that because the plaintiff pleaded in its complaint the existence of these two liens, he should be allowed to prove their invalidity. Again, the plaintiff misses the point. Practice Book §§ 186 and 187 require that a complaint seeking the foreclosure of a mortgage or tax lien on real estate shall set forth, in addition to the other essentials of the complaint, "[a]ll encumbrances of record upon the property both prior and subsequent to the encumbrance sought to be foreclosed, the dates of such encumbrances, the amount of each and the date when such encumbrance was recorded . . . ." Those sections require the plaintiff

tax list, or when said assessment was made; (2) that thereafter a tax in the amount specified in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable; (3) (to be used only in cases where the lien has been continued by certificate) that thereafter a certificate of lien for the amount thereof was duly and properly filed and recorded in the land records of the said town on the date stated; (4) that no part of the same has been paid; and (5) other encumbrances as required by the preceding section. . . ."

to allege the mere existence of other encumbrances, but they do not require the plaintiff to prove the validity of each such other encumbrance in order to entitle it to a judgment of foreclosure. Pursuant to General Statutes § 49-27,[2] entitlement to proceeds of the sale, and the amount of such entitlements, is to be determined by the court in a supplemental proceeding after the sale has been ratified by the court. "The decree of foreclosure by sale should not adjudicate the rights of the parties to the funds realized; those rights should be determined by way of a supplemental judgment. *City National Bank* v. *Stoeckel,* 103 Conn. 732, 744, 132 A. 20 [1926]." *Gault* v. *Bacon,* 142 Conn. 200, 203, 113 A.2d 145 (1955). "[A] foreclosure by sale furnishes conflicting claimants an ideal forum for litigating their differences without prejudicing prior encumbrancers. Clearly, a resolution of such issues provides the very raison d'etre of supplemental judgment proceedings. Payment may thus be made to the extent there is no controversy, and the clerk of the court holds the remaining funds pending a resolution of the contested claims." D. Caron, Connecticut Foreclosures (2d Ed.) § 8.02B, p. 132.

We conclude that the trial court correctly refused to permit Rytman to litigate the validity of subsequent encumbrances in this proceeding.

### III

Rytman next claims that the trial court improperly refused to stay this foreclosure action pending the outcome of a separate action brought by Rytman against CNB. That action concerned the $5,000,000 note underlying CNB's junior encumbrance. " 'In the absence of

[2] General Statutes § 49-27 provides in pertinent part: "The proceeds of each such sale shall be brought into court, there to be applied if the sale is ratified, in accordance with the provisions of a supplemental judgment then to be rendered in the cause, specifying the parties who are entitled to the same and the amount to which each is entitled. . . ."

a statutory mandate, the granting of an application or a motion for a stay of an action or proceeding is addressed to the discretion of the trial court, and its action in granting or denying application will not be disturbed by an appellate court unless that discretion has been abused.' " *Voluntown* v. *Rytman,* supra, 287. Considering the fact that granting a stay would act to the detriment of junior encumbrancers because interest would run in favor of senior encumbrances, and considering as well the fact that the validity of CNB's encumbrance is not involved with the question of whether the plaintiff in this action is entitled to foreclose its lien, we cannot say that the trial court abused its discretion in refusing to stay this matter.

## IV

Rytman also claims that the trial court improperly permitted CNB and CFI to participate in the proceedings after they had been defaulted for failure to disclose a defense. "A default admits the material facts that constitute a cause of action . . . and 'entry of default, when appropriately made, conclusively determines the liability of a defendant.' *Ratner* v. *Willametz,* 9 Conn. App. 565, 579, 520 A.2d 621 (1987)." (Citations omitted.) *Skyler Limited Partnership* v. *S.P. Douthett & Co.,* 18 Conn. App. 245, 253, 557 A.2d 927 (1989). Neither CFI nor CNB participated in the portion of the proceedings wherein the plaintiff established Rytman's liability. Once the plaintiff established Rytman's liability, the court was required to determine whether the foreclosure was to be strict or by sale, and, just as in civil cases where defaulted parties are entitled to participate in a hearing on the issue of damages, defaulted parties in foreclosure proceedings are permitted to participate in the determination of the type of foreclosure judgment to be rendered. CFI and CNB, therefore, were entitled to participate in any proceedings concerning the type of foreclosure judgment to be

entered and the value of the subject property. Their participation in this matter was limited to these issues, and we therefore conclude that the trial court did not improperly permit them to participate in this matter.

V

Rytman's final claim is that the trial court, in its notice of entry of judgment, improperly indicated that all appearing defendants had been defaulted for failure to disclose a defense. We agree that this indication is inaccurate because in fact Rytman presented four special defenses and a trial was held in which those defenses were considered. The trial court, however, sent to all parties a corrected notice of entry of judgment in which it is clearly stated that Rytman was not defaulted for failure to disclose a defense. Rytman's claim, therefore, has no merit.

The judgment is affirmed.

In this opinion the other judges concurred.