[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Judgment entered in this case for the plaintiff, George Pantzis, on September 29, 1994 in the amount of $175,000 after a hearing in damages. The defendants, Hasmukh Patel and Mahendra Patel, d/b/a The Regal Inn, which is located in New Haven, moved (#106) to "reopen" the judgment on February 18, 1994.
The plaintiff brought suit against the defendants claiming that in November, 1989, while a guest at their inn, he sustained personal injuries from tripping on a post or protrusion underneath the bed. A deputy sheriff made personal in-hand service on both of the Patels on November 22, 1991. On March 3, 1992, this court granted plaintiff's motion that a default enter against the defendants for their failure to appear. The attorney for the plaintiff certified that a copy of this motion was sent to the Patels at 1605 Whalley Avenue in New Haven, the same address stated in the writ and summons. The clerk of this court certified on March 11, 1992 that "notice of entry of default" was sent to all non-appearing defendants.
After the hearing in damages, the plaintiff on October 21, 1993, prepared and sent to defendants a copy of a Bill of Costs for $471. On February 17, 1994, the defendants appeared by counsel and filed a CT Page 7229 motion to set aside and vacate the judgment of September 29, 1993. In their motion, the defendants do not deny that they received in-hand service of process, nor do they deny that they received a copy of plaintiff's motion for default and a copy of the clerk's notice of the entry of a default against them for failure to appear.[1] They do assert, however, that they never received any notice of the scheduling of the hearing in damages or notice of the entry of a judgment at that hearing against them for $175,000. Defendants also contend that they have valid defenses to plaintiffs action in that they did not have notice of the alleged protrusion under the bed in their premises, and that the plaintiff was contributorily negligent.
Defendants claim that Practice Book § 369 requires that they receive notice of a heating in damages and of the result of such heating. However, Practice Book § 369 provides only that the clerk notify non-appearing defendants that a default for failure to appear has been entered against them, and the clerk in this case so certified. There is no obligation or requirement in the Practice Book that notice be sent to a non-appearing defendant of the scheduling of a hearing in damages or the entry of judgment at this heating. Defendants also cite Skyler Limited Partnership v. S.P. Douthett Co., 18 Conn. App. 245, 557 A.2d 927 (1989), as requiring notice of a hearing in damages, but this case applies to an appearing defendant who was defaulted for failure to attend a deposition, not non-appearing defendants as in the present case.
In this case, the defendants ignored the notice in the summons that they or their attorney should file an appearance in order "to be informed of further proceedings" in the suit. They ignored the notice from plaintiff that he was filing a motion seeking the entry of a default against them for their failure to appear. Furthermore, the defendants ignored the notice from the clerk that a default had in fact entered against them. The Practice Book does not require any further notices to non-appearing defendants. By waiting until February 17, 1994 to file an appearance and move to open the judgment, the defendants allowed more than four months to expire after the entry of judgment on September 29, 1993. Both General Statutes § 52-212a
and Practice Book § 377 require that such a motion be filed within four months after a judgment has been rendered. Hence, this court lacks the authority to open this judgment. Serrano v. Behar,15 Conn. App. 308, 312, 544 A.2d 25 (1988).
Accordingly, defendants' motion to set aside the judgment in plaintiff's favor is denied for lack of subject matter jurisdiction. CT Page 7230