[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to foreclose a mortgage. The plaintiff, First Union National Bank f/k/a Centerbank (First Union), seeks to foreclose a mortgage given by Dixwell Avenue Associates, Inc. (DAA) to First Union.
The one-count amended complaint alleges the following facts. CT Page 5778 By a note dated June 20, 1994, DAA promised to pay to First Union the principal sum of $250,000.00 plus interest as provided in the note. As security for the note, DAA granted a mortgage on property known as 156-158 Dixwell Avenue, New Haven, Connecticut to First Union. The mortgage was recorded on June 23, 1994. DAA has failed to make payments due under the note. First Union is the owner and holder of the note and mortgage. First Union has exercised its right to accelerate the debt and has declared the entire principal and accured interest immediately due and payable. The principal sum of $244,548.72 plus interest is now due and payable.
The amended complaint also sets forth various prior and subsequent encumbrancers, of the mortgaged property.[1] One of the alleged subsequent encumbrancers is Dixwell Plaza Merchants Association (DPMA). The complaint alleges the DPMA may claim an interest in the mortgaged property "by virtue of a Notice of Common Maintenance lien in the original principal amount of $8,174.50 dated December 11, 1996 are recorded on December 19, 1996. . . . Said interest is subsequent and subordinate to [First Union's] mortgage."
DPMA has filed an answer and special defence. The answer denies that its lien on the property is subsequent to the mortgage being foreclosed. The special defense affirmatively alleges that DPMA's lien on the mortgaged property has priority over the mortgage being foreclosed by First Union.
On January 21, 1998, DPMA filed a motion for determination of priorities. On January 22, 1998, First Union filed a motion to strike DPMA's amended answer and special defense. This court heard oral argument on the pending motions on February 27, 1998.
A. Motion to Strike #130
The gravamen of DPMA's answer and special defense is that its lien is superior to the mortgage being foreclosed by First Union because DPMA's lien is for common area charges which are owed pursuant to an agreement that WAS entered into and recorded prior to the recording of First Union's mortgage. DPMA argues that its lien relates back to the date that the predicate agreement was recorded and is therefore superior to the mortgage now being foreclosed. First Union argues that issues concerning priority are not legally sufficient defenses to a foreclosure action and a!e premature. CT Page 5779
"Whenever any party wishes to contest . . . the legal sufficiency of any answer. . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152, now Practice Book (1998 Rev.) § 10-39(a). A motion to strike is appropriate to challenge the legal sufficiency of a special defense. Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978); Practice Book § 10-39(a). "The purpose of a special defense is to plead facts that are consistent with The allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992); see Practice Book § 164, now Practice Book (Rev. 1998) § 10-50. When ruling on a motion to strike special defenses, the court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). "[Ilf facts provable under the allegations would support a defense. the . . . [motion to strike] must fail."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]. . . ."S.M.S. Textile Mills. Inc. v. Brown. Jacobson. Tillinghast. Lahanand King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993).
1. The Answer
Practice Book § 160, now Practice Book (1998 Rev.) §10-46 provides: "The defendant in the answer shall specially deny such allegations of the complaint as the defendant who intends to controvert. . . ." Practice Book § 162, now Practice Book (1998 Rev.) § 10-48 provides: "Express admissions and denials must be direct, precise and specific, and not argumentative, hypothetical or in the alternative. Accordingly, any pleader wishing expressly to admit or deny a portion only of a paragraph must recite that portion. . . ." Practice Book § 164, now Practice Book (1998 Rev.) § 10-50 provides: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. . . ."
Paragraph twenty of the amended complaint states: "The CT Page 5780 defendant, The Dixwell Plaza Merchants Association, Inc., claims or may claim an interest in the mortgaged premises by virtue of a Notice of Common Maintenance Lien in the original principal amount of $8,174.50 dated December 11, 1996 and recorded on December 19, 1996 in Volume 5084 at Page 215 of the New Haven Land Records. Said interest is subsequent and subordinate to the Plaintiff's mortgage."[2]
Paragraph twenty of DPMA's amended answer states: "Denied the DPMA claims an interest in the mortgaged premises by virtue of Land Disposition Agreements by the city of New Haven Redevelopment Agency recorded at Volume 2337, page 257 and Volume 2338, page 329 of the New Haven Land records as evinced by a Notice of Common Maintenance Lien in the original amount of $8,174.50 dated December 11, 1996 and recorded on December 19, 1996 in the New Haven Land Records. Denied that said interest is subsequent and subordinate to the plaintiff's mortgage."[3]
DPMA's answer patently satisfies the aforementioned Practice Book requirements, and therefore, the court denies First Union's motion to strike DPMA's answer.
2. The Special Defense
At common law, the only defenses to an action of foreclosure were payment, discharge, release, satisfaction, or, if there had never been a valid lien. Petterson v. Weinstock, 106 Conn. 436,441, 138 A. 433 (1927). In Petterson v. Weinstock, our Supreme Court recognized accident, mistake, and fraud as additional defenses available in a foreclosure action and noted that the recognition of these additional defenses to foreclosure represented "a fine example of the triumph of equitable principles over the arbitrary and unjust dogmas of the common law." Id., 442. "Because a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done." Reynoldsv. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982). "Thus, the trial courts of this state have permitted defendants to raise several additional equitable defenses in foreclosure actions, including equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) ALI. Inc.v. Veronneau, Superior Court, judicial district of Waterbury. CT Page 5781 Docket No. 126431 (October 11. 1996. Kulawiz. J.).
"These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citations omitted; internal quotation marks omitted.) BerkeleyFederal Bank Trust v. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.). See also Dime Savings Bank v. Albir,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). "Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." Shoreline Bank Trust Co. v. Leninski,
Superior Court, judicial district of New Haven, Docket No. 335561 (March 19, 1993, Celotto, J.).
Here, DPMA claims that its rights in the mortgaged property are prior to, and therefore superior to, the rights of First Union. DPMA does not allege that the mortgage was defectively made, is invalid or is in anyway unenforceable. Because DPMA's special defense does not attack the making, validity or enforcement of the note or mortgage, it is legally insufficient. Therefore the court grants the motion to strike the defendant's special defense.
B. Motion for Determination of Priorities
DPMA has also filed a motion for determination of priorities. First Union argues that the motion for a determination of priorities is premature.
Here, First Union seeks foreclosure by sale, not strict foreclosure. "The decree of foreclosure by sale should not adjudicate the rights of the parties to the funds realized; those rights should be determined by way of supplemental judgment."Gault v. Bacon, 142 Conn. 200, 203, 113 A.2d 145 (1955); CityNational Bank v. Stoeckel, 103 Conn. 732, 744, 132 A. 20 (1926); see also Voluntown v. Rytman, 27 Conn. App. 549, 554-56,607 A.2d 896, cert. denied, 223 Conn. 913, 614 A.2d 931 (1992). CT Page 5782 "Unlike a strict foreclosure, a foreclosure by sale furnishes conflicting claimants an ideal forum for litigating their differences without prejudicing prior encumbrancers. Clearly, a resolution of such issues provides the very raison d'etre of supplemental judgment proceedings. Payment may thus be made to the extent there is no controversy, and the clerk of the court holds the remaining funds pending a resolution of the contested claims." D. Caron, Connecticut Foreclosures (3rd Ed. 1997) § 8.02B, pp. 206-07; see also Voluntown v. Rytman, supra,27 Conn. App. 556. "Issues regarding priorities between encumbrancers do not present an immediate concern to the court when it enters a judgment of foreclosure by sale: The property can be sold, and the funds can remain comfortable and safe (and draw no interest) in the clerk's trust account while priorities issues are subsequently litigated at length and at leisure." D. Caron, supra, § 5.02D3, p. 159.
Because the instant action seeks foreclosure by sale, a determination of priorities before judgment is unnecessary. Accordingly, the court denies DPMA's motion for a determination of priorities.
Donald W. Celotto Judge Trial Referee