[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, the city of Norwalk (Norwalk) filed a complaint against the following defendants: Francis DiNardo a/k/a Frank DiNardo, Sr., Alfred Lenoci, Robert DiNardo, Josephine C. DiNardo, Salvatore K. DiNardo, Nancy J. DiNardo, Josephine DiNardo, Gina Marie Blaze, Nancy Jo Creagh, Marie Magazian, trustee, Gina Marie Blaze, trustee, Gina Marie Blaze, executrix, Josephine C. DiNardo, executrix, Salvatore K. DiNardo, executor, Nancy J. DiNardo, executrix, Ralph DiNardo Jr., Diane L. Frascatore, Peter F. DiNardo, Citibank, N.A., The S.K. DiNardo Trust, Cadle Properties of Connecticut, Inc., Gateway Bank n/Ida Fleet National Bank, and Richard Aiello, trustee. In its complaint, Norwalk seeks to foreclose on tax liens for land CT Page 2253 located in the city of Norwalk known as 333 Wilson Avenue, 10 Meadow Street Extension, 12 Meadow Street Extension, 16 Meadow Street Extension, and 2 Meadow Street Extension (the properties). The following defendants filed an answer: Francis DiNardo a/k/a Frank DiNardo Sr., Alfred Lenoci, Robert DiNardo Josephine DiNardo, Salvatore K. DiNardo, Josephine C. DiNardo, executrix, Salvatore K. DiNardo, executor, and Nancy DiNardo, executrix.[1] Subsequently, Norwalk filed a motion for summary judgment as to the liability of the following defendants: Francis DiNardo, Alfred Lenoci, Robert DiNardo, Josephine DiNardo, Josephine DiNardo, executrix, Salvatore DiNardo, Salvatore DiNardo, executor, Nancy DiNardo, Nancy DiNardo, executrix and S.K. DiNardo Trust.[2] The aforementioned defendants have failed to file memorandum in opposition to the motion for summary judgment.
"The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "[U]nadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on motion for summary judgment."New Milford Savings Bank v. Roina, 38 Conn. App. 240, 245,659 A.2d 1226, cert. denied, 235 Conn. 915, 665 A.2d 609 (1995). "[T]he court may grant a motion for summary judgment on liability only and hold a hearing on damages at a later date. . . ." (Citations omitted; internal quotation marks omitted.) ChemicalMortgage Co. v. Carbone, Superior Court, judicial district of Ansonia-Milford at Milford (December 16, 1998, Curran, J.); see also Practice Book § 17-50.
The court denies Norwalk's motion for summary judgment because a genuine issue of material fact remains as to whether the tax liens remain due and outstanding. "[I]n an action to foreclose municipal tax liens, [the plaintiff] is required to allege and prove only that the defendant owned the subject property when the property went onto the tax list, or when the assessment in question was made; that the assessment was duly and properly assessed on the property and became due and payable; that thereafter a lien for the amount of taxes due was filed and recorded in the land records; that the amount due remainsoutstanding; and that there existed other encumbrances of record." (Emphasis added) Voluntown v. Rytman, 27 Conn. App. 549,554, 607 A.2d 896, cert. denied, 223 Conn. 913, 614 A.2d 830
CT Page 2254 (1992); see also Practice Book § 10-70.[3] Here, Norwalk failed to submit evidence that the tax liens remain due and outstanding.[4] Without evidence that the tax liens remain outstanding, Norwalk fails to establish the elements necessary to foreclose on a municipal tax lien. See Practice Book § 10-70;Voluntown v. Rytman, supra, 27 Conn. App. 554. Accordingly, Norwalk's motion for summary judgment is denied.
HICKEY, J.