[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action on an unsecured bank note. The defendant moved for a stay pending the disposition of its appeal in the Appellate Court from the decision of the Superior Court in a Probate Court appeal to which the plaintiff is a party. The motion was granted by the court, it appearing that there was no objection. In fact, the plaintiff had filed an objection, including voluminous documentation in support of the factual and legal claims asserted in its objection.[1] The objection, however, filed on the Friday before the Monday on which the court addressed the matter, had not completed its clerical route into the court's file when the court ruled. Accordingly, the court vacated its prior ruling and now addresses the merits of the motion and the objection.
"In the absence of a statutory mandate, the granting of an application or a motion for a stay of an action or proceeding is addressed to the discretion of the trial court" (Internal quotation marks omitted.)Voluntown v. Rytman, 27 Conn. App. 549, 556-57, 607 A.2d 896 (1992). Where, as here, a defendant claims that the disposition of its appeal of the judgment in another case will moot the present action, it seems reasonable to require that party to show a reasonable likelihood of success on the merits of that appeal and a balance of equities in its favor. Cf. Griffin Hospital v. Commission on Hospitals and Healthcare,196 Conn. 451, 455-60, 493 A.2d 229 (1985)
It is unnecessary and inappropriate for the court to dispose of the plaintiff's legal and factual claims for purposes of ruling on the defendant's motion for stay. Simply put, the defendants have not even attempted to make the required showing. With particular reference to the likelihood that the defendants will prevail on appeal, it is worth observing that courts "do not presume error; the trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has satisfied its burden of demonstrating to the contrary." State v. Crumpton, 202 Conn. 224, 231, 520 A.2d 226
(1987). On the basis of the record submitted to this court, it appears CT Page 14168 unlikely that a decision of the Appellate Court will cause this action to be mooted. In addition, the defendants have not shown that anything untoward will befall them if the stay is denied. The plaintiff, on the other hand, claims that a substantial sum has been owing it for a very long time.
The motion for stay is denied.
BY THE COURT
 ___________________ Bruce L. Levin Judge of the Superior Court