FARMERS AND MECHANICS BANK *v.* NICHOLAS C. ARBUCCI ET AL.
(9547)

O'CONNELL, LAVERY and CRETELLA, Js.

Argued March 27—decision released April 23, 1991

*Dale H. King,* for the appellant (named defendant).
*Harry B. Heller,* for the appellee (plaintiff).

PER CURIAM. The plaintiff bank brought an action for foreclosure of residential property in Old Lyme. The amended complaint contained two counts. The first count sought a strict foreclosure or foreclosure by sale of the property secured by a mortgage in the amount of $150,000 given to the plaintiff bank. The second count sought strict foreclosure or foreclosure by sale of the second mortgage in the amount of $200,000, also given to the plaintiff by the defendant.

The defendant filed an objection to judgment by strict foreclosure alleging that there was equity in the property and other equitable reasons for a decree of sale.

On September 4, 1990, the trial court held a hearing on the issue of valuation of the property. The plaintiff

presented the testimony of a qualified independent appraiser who stated that he conducted an outside inspection of the property on December 29, 1989, but that he was denied access to the interior by the defendant. The appraiser also consulted records of the property on file with the town clerk's office. On the basis of this information, in conjunction with information concerning comparable sales, the appraiser valued the property at $275,000 as of December, 1989, and, due to depressed market conditions, $225,000 as of September, 1990.

The defendant testified that he was a carpenter and had built the house himself with special features including extensive woodwork and Italian tile. The defendant testified that the number of bathrooms and bedrooms was different from that indicated on the records at the town clerk's office, which were relied upon by the plaintiff's appraiser. It was the defendant's opinion that the property was worth at least $400,000.

The trial court found the value of the property to be $225,000, but acknowledged that the defendant had invested considerably more in it. Because the court found that the debts on the first and second mortgages exceeded $340,000, it ordered a judgment of strict foreclosure.

On appeal, the defendant challenges the trial court's determination of the value of the property and the judgment of strict foreclosure.

In a case such as this, the determination of value is a major factor in the decision whether to allow a foreclosure by sale rather than a strict foreclosure. If the appraised value of the property exceeds the debt, a foreclosure by sale might offer some relief to subsequent encumbrancers. In a foreclosure proceeding the trial court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee,

but also to subsequent encumbrancers and the owner. *Fidelity Trust Co.* v. *Irick,* 206 Conn. 484, 538 A.2d 1027 (1988); see also *Connecticut Savings Bank* v. *Burger,* 23 Conn. App. 192, 579 A.2d 1097 (1990).

In this instance, the plaintiff offered the expert testimony of a qualified independent real estate appraiser. The ability of this appraiser to establish an accurate value of the subject property was thwarted by the defendant's refusal to allow the appraiser access to the inside of the house. The defendant had the opportunity to present his own expert, but declined and instead offered his own opinion. The determination of value by a court is aided ordinarily by the opinion of expert witnesses, and reached by weighing those opinions in light of all the circumstances in evidence bearing upon value and in light of the court's own general knowledge of the elements going to establish it. *Voluntown* v. *Rytman,* 21 Conn. App. 275, 286–87, 573 A.2d 336, cert. denied, 215 Conn. 818, 576 A.2d 548 (1990).

The trial court chose to credit the testimony of the independent appraiser over that of the defendant in establishing value. This was reasonable and well within the trial court's province as the trier of fact. Once the trial court determined a value and found that the debt exceeded the value by more than $100,000, there was no abuse of discretion in ordering strict foreclosure.

The judgment is affirmed.