BANK OF BOSTON CONNECTICUT *v.* JOSEPH A. MONIZ ET AL.
(AC 16792)

Foti, Landau and Hennessy, Js.

Argued September 25—officially released December 2, 1997

*Richard P. Weinstein,* with whom, on the brief, was *Nathan A. Schatz,* for the appellants (named defendant et al.).

*Patrick Crook,* for the appellee (plaintiff).

HENNESSY, J. The defendants Joseph A. Moniz and Julie A. Moniz[1] appeal from a judgment of strict foreclosure rendered, after a trial to the court, for the plaintiff, Bank of Boston Connecticut (bank). The defendants claim that (1) the trial court improperly relied solely on an affidavit of debt without conducting an evidentiary hearing when the defendants had filed a disclosure of defense challenging the amount and calculation of the debt, (2) the affidavit relied on by the trial court was insufficient to support the judgment, and (3) the appraisal based solely on an exterior inspection was insufficient to determine fair market value of the subject property. We affirm the trial court's judgment.

The following facts are relevant to this appeal. On January 23, 1996, the bank commenced an action to foreclose a mortgage granted by the defendants on certain real property to secure a $550,000 fixed rate promissory note. On June 10, 1996, the bank filed a demand for disclosure of defense. On June 17, 1996, the defendants

---

[1] We refer in this opinion to the defendant property owners, Joseph A. Moniz and Julie A. Moniz, as the defendants. The plaintiff also named subsequent encumbrancers as defendants in this action.

filed a disclosure of defense.[2] Pursuant to Practice Book § 236,[3] on June 27, 1996, the plaintiff filed a timely motion for default for failure to disclose a defense, which was granted by the trial court on August 12, 1996.

On August 26, 1996, the bank filed a motion for summary judgment solely as to liability. The trial court granted the bank's motion on September 16, 1996. Subsequently, the bank filed a motion for judgment of strict foreclosure on December 12, 1996, which was heard on December 23, 1996. At the hearing, the bank submitted an affidavit of debt to the court stating that the amount of the debt was $647,539.34. That amount represented the face value of the note, payments made, accrued interest, late charges, property taxes, hazard insurance and a property inspection fee. The affidavit of debt listed accrued interest in the amount of $92,681.82 and late charges in the amount of $3820.80.

I

The defendants first claim that the trial court improperly relied solely on the plaintiff's affidavit of debt,

[2] The disclosure of defense stated in relevant part that "there exists a bona fide defense to the plaintiff's claim, to the extent that the defendants reserve their right to challenge the amount of the plaintiff's debt and calculation of said debt pursuant to *Suffield Bank* v. *Berman*, 25 Conn. App. 369."

[3] Practice Book § 236 provides in relevant part: "In any action to foreclose or discharge any mortgage or lien or to quiet title . . . the plaintiff may at any time file and serve in accordance with Sec. 120 a written demand that such attorney present to the court . . . a writing signed by him stating whether he has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature or substance of such defense. If the defendant fails to disclose a defense within five days of the filing of such demand, the plaintiff may file a written motion that a default be entered against the defendant by reason of the failure of the defendant to disclose a defense. If no disclosure of defense has been filed, the court may order judgment upon default to be entered for the plaintiff at the time the motion is heard or thereafter, provided that in either event a separate motion for such judgment has been filed. . . ."

without conducting an evidentiary hearing, to determine the amount of the debt. The defendants assert that, because they filed a disclosure of defense indicating that they intended to challenge the amount of the debt, the trial court was required to conduct an evidentiary hearing. Due to a procedural default, we decline to review the challenged actions of the trial court.

On June 17, 1996, the defendants filed a disclosure of defense. Pursuant to Practice Book § 236, the plaintiff filed a motion for default for failure to disclose a defense within the required time, which was granted by the trial court on August 12, 1996.[4] We note that nothing in the record indicates that the default has been removed. The plaintiff's motion for summary judgment on the issue of liability alone was granted shortly thereafter.

"In order for foreclosure cases to move as swiftly as possible through our court system, it is imperative that a defendant disclose any defenses to the mortgage debt prior to the hearing." *Suffield Bank* v. *Berman,* 25 Conn. App. 369, 373, 594 A.2d 493, petition for cert. dismissed, 220 Conn. 913, 597 A.2d 339, cert. denied, 220 Conn. 914, 597 A.2d 340 (1991). "A default admits the material facts that constitute a cause of action . . . and entry of default, when appropriately made, conclusively determines the liability of a defendant. *Ratner* v. *Willametz,* 9 Conn. App. 565, 579, 520 A.2d 621 (1987). (Citations omitted.) *Skyler Limited Partnership* v. *S.P. Douthett & Co.,* 18 Conn. App. 245, 253, 557 A.2d 927 [cert. denied, 212 Conn. 802, 560 A.2d 984] (1989)." (Internal quotation marks omitted.) *Voluntown* v. *Rytman,* 27 Conn. App. 549, 557, 607 A.2d 896, cert. denied, 223 Conn. 913, 614 A.2d 831 (1992).

---

[4] We note that this crucial fact was not mentioned in the briefs of either party or at oral argument. Furthermore, at oral argument, counsel for the appellant specifically stated, "I submit the affidavit of debt in a foreclosure case should only be used where there has been no challenge, no defense raised by the defendants, i.e., default failure to appear, default failure to plead, default for failure to disclose a defense. That did not occur in this case."

*"Where no defense as to the amount of the mortgage debt is interposed in a foreclosure case,* the amount due the plaintiff may be proved by an affidavit of debt. Practice Book § 527; *Connecticut National Bank* v. *N. E. Owen II, Inc.,* 22 Conn. App. 468, 472, 578 A.2d 655 (1990)." (Emphasis added.) *Suffield Bank* v. *Berman,* supra, 25 Conn. App. 372. The trial court ruled that the filing of the disclosure of defense was untimely. The defendant never challenged that conclusion nor attempted to remove the default through a motion to open default pursuant to Practice Book § 376. We are bound by the trial court's determination. Therefore, the defendant is precluded from challenging on appeal the plaintiff's use of an affidavit of debt to the amount due. This court is not raising a new issue, but merely recognizing that a fact relied on by the defendants, a valid disclosure of defense, is not supported by the record.

II

The defendants next claim that the affidavit of debt was insufficient as a matter of law to support a judgment of strict foreclosure. Specifically, the affidavit could not support a judgment of strict foreclosure because (1) there was insufficient evidence to establish the agency relationship between the bank and the affiant and (2) the affidavit was inadmissible hearsay. We disagree.

Pursuant to Practice Book § 527, the bank filed an affidavit of debt.[5] "In any action to foreclose a mortgage

[5] The affidavit stated the following facts: (1) the affiant is an assistant secretary-senior paralegal employed by the default administration unit of Homeside Lending, Inc; (2) Homeside is the mortgage servicer for the plaintiff and successor to BancBoston Mortgage Corp. by virtue of a merger; (3) prior to her employment with Homeside, the affiant was employed at BancBoston Mortgage Corp.; (4) Homeside is contractually obligated to accept mortgage payments from the defendants, to apply them to the defendants' account, and to maintain records of the amount owed to the plaintiff under the terms of the note and mortgage; (5) the affiant is familiar with the books and records of the plaintiff and Homeside and personally generated the pay-off statement attached to the affidavit; (6) in the course of her employment with Homeside, the affiant became personally familiar with the pay-off statement attached and relied on the same in the course of her

where no defense as to the amount of the mortgage debt is interposed, such debt may be proved by presenting to the court the original note and mortgage, together with the affidavit of the plaintiff or other person familiar with the indebtedness, stating what amount, including interest to the date of the hearing, is due, and that there is no setoff or counterclaim thereto." Practice Book § 527. The defendants claim that the bank was required to prove the agency relationship between itself and Homeside Lending, Inc. (Homeside), by evidence independent from the affiant's statement. We have frequently emphasized that the words of a statute "are to be given their commonly approved meaning, unless a contrary intent is clearly expressed." (Internal quotation marks omitted.) *State* v. *Smith*, 194 Conn. 213, 221, 479 A.2d 814 (1984); *Harlow* v. *Planning & Zoning Commission*, 194 Conn. 187, 193, 479 A.2d 808 (1984). It is clear from the language of the rule that an affidavit of debt may be submitted by "the plaintiff or other person familiar with the indebtedness . . . ." Practice Book § 527. The existence of an agency relationship is not a prerequisite for a proper affidavit of debt. In the present case, it is clear that the affidavit presented by the plaintiff contained all the information required under the rule.

The defendants also claim that the affidavit of debt was insufficient because the information regarding the amount of debt was hearsay. Although the defendants attempt to garner support for their position in Connecticut case law, the cases cited involve testimony by witnesses at a hearing rather than the use of an affidavit of debt. See generally *New England Savings Bank* v. *Bedford Realty Corp.*, 238 Conn. 745, 680 A.2d 301 (1996); *Federal Deposit Ins. Corp.* v. *Keating*, 44 Conn.

work; (7) the pay-off statement was generated in the usual and ordinary course of business of the plaintiff and Homeside; (8) the affidavit also listed an itemized breakdown of the total amount owed to the plaintiff, $647,539.34.

App. 556, 690 A.2d 429 (1997); *Central Bank* v. *Colonial Romanelli Associates*, 38 Conn. App. 575, 662 A.2d 157 (1995).

When a defendant raises a defense concerning the amount of the mortgage debt before the trial court, Practice Book § 527 is "inapplicable and the general prohibition against hearsay evidence preclude[s] the use of the affidavit." *Burritt Mutual Savings Bank of New Britian* v. *Tucker*, 183 Conn. 369, 375, 439 A.2d 396 (1981). That is not the situation here. "Where no defense as to the amount of the mortgage debt is interposed in a foreclosure case, the amount due the plaintiff may be proved by an affidavit of debt. Practice Book § 527; *Connecticut National Bank* v. *N. E. Owen II, Inc.*, [supra, 22 Conn. App. 472]." *Suffield Bank* v. *Berman,* supra, 25 Conn. App. 372. The trial court properly relied on the plaintiff's affidavit of debt.

### III

Finally, the defendants claim that an appraisal of the mortgaged property, based solely on an exterior inspection, cannot provide a sufficient basis for a determination of fair market value in a strict foreclosure action. We disagree.

Certain additional facts are necessary for our resolution of this claim. At the hearing to determine the fair market value of the property, the bank presented an appraisal of the subject property, based on an exterior inspection only, which estimated the fair market value of the property to be $551,000. The bank waived its right to rely on an interior inspection to increase the amount of any deficiency judgment. The defendants objected, claiming that, without an interior inspection, the court did not have a reasonable basis on which to determine the fair market value of the property.

"In a case such as this, the determination of value is a major factor in the decision whether to allow a

foreclosure by sale rather than a strict foreclosure. If the appraised value of the property exceeds the debt, a foreclosure by sale might offer some relief to subsequent encumbrancers. In a foreclosure proceeding the trial court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee, but also to subsequent encumbrancers and the owner. *Fidelity Trust Co.* v. *Irick*, 206 Conn. 484, 538 A.2d 1027 (1988); see also *Connecticut Savings Bank* v. *Burger*, 23 Conn. App. 192, 579 A.2d 1097 (1990)." *Farmers & Mechanics Bank* v. *Arbucci*, 24 Conn. App. 486, 487–88, 589 A.2d 14, cert. denied, 219 Conn. 907, 593 A.2d 133 (1991).

In the present case, the bank presented an appraisal of the property based solely on an exterior inspection. Furthermore, the bank waived its right to rely on an interior inspection to increase the amount of any deficiency judgment. The defendants objected, claiming that the appraisal was insufficient, but chose not to present any evidence as to the value of the property. "The determination of value by a court is aided ordinarily by the opinion of expert witnesses, and reached by weighing those opinions in light of all the circumstances in evidence bearing upon value and in light of the court's own general knowledge of the elements going to establish it. *Voluntown* v. *Rytman*, 21 Conn. App. 275, 286–87, 573 A.2d 336, cert. denied, 215 Conn. 818, 576 A.2d 548 (1990)." *Farmers & Mechanics Bank* v. *Arbucci*, supra, 24 Conn. App. 488. As no contradictory evidence was presented, the trial court chose to rely on the testimony of the independent appraiser in establishing value. This was reasonable and well within the trial court's province as the trier of fact.

Any remedy the defendants might have regarding the value of the property would arise in proceedings for a

deficiency judgment.[6] If, as the defendants assert, an interior inspection would have increased the appraised value of the property, they can present that evidence at the hearing for a deficiency judgment. If an interior inspection would have lowered the appraised value of the property, the bank has waived its right to claim anything less than the exterior-only appraised value of the property.

The trial court properly relied on an independent appraisal, based solely on an exterior inspection, in determining the fair market value of the subject property.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

---

[6] "A deficiency judgment provides a means for a mortgagee to recover any balance due on the mortgage note that was not satisfied by the foreclosure judgment. . . . It is the only means of satisfying a mortgage debt when the security is inadequate to make the foreclosing plaintiff whole. . . . Furthermore, a deficiency proceeding has a very limited purpose. In the hearing contemplated under § 49-14 to obtain a deficiency judgment, the court, after hearing the party's appraisers, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property." (Citation omitted; internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 208, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995).