## CITICORP MORTGAGE, INC. *v.* RONNI L. WEINSTEIN ET AL.
## (AC 17878)

Landau, Spear and Dupont, Js.

Argued November 2, 1998—officially released March 23, 1999

*David M. Fisher*, with whom, on the brief, was *Robert T. Francis*, for the appellants (named defendant et al.).

*Pierre-Yves Kolakowski*, for the appellee (plaintiff).

*Opinion*

LANDAU, J. This is an appeal from a deficiency judgment rendered by the trial court in favor of the plaintiff, Citicorp Mortgage, Inc., and from a denial of the motion filed by the named defendant et al.[1] to open and set aside the deficiency judgment. The defendants claim that the trial court improperly (1) accepted an exterior appraisal of the fair market value of the defendants' residence during the deficiency judgment hearing and (2) denied the motion to open and set aside the judgment in that the trial court improperly (A) overruled the defendants' objection to hearsay testimony offered at the hearing, (B) determined the date stamped on the appearance forms filed by plaintiff's counsel and (C) permitted the appearance of counsel for the plaintiff. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal.[2] In 1996, the plaintiff sought to

---

[1] The original complaint named Centerbank, formerly known as First Central Bank, Robert H. Weinstein and Ronni L. Weinstein as defendants. Centerbank was a junior lienholder at the time that the complaint was filed. On appeal, all references to the defendants are only to Robert H. Weinstein and Ronni L. Weinstein.

[2] "The appellant bears the burden of providing this court with an adequate record for review. Practice Book § 4061 [now § 60-5]; *State* v. *Ong*, 30 Conn. App. 45, 50, 618 A.2d 583 [cert. denied, 225 Conn. 909, 621 A.2d 290 (1993)]." *State* v. *Lawler*, 30 Conn. App. 827, 828 n.2, 622 A.2d 1040 (1993). In the present case, the trial court did not file a written memorandum of decision

foreclose its mortgage on property owned by the defendants located at 41 Porter Drive, West Hartford. The trial court rendered a judgment of strict foreclosure with respect to the subject property, set the plaintiff's debt at $501,294.39, the fair market value of the subject property at $310,000 and May 19, 1997, as the law day for the defendants, owners of the equity of redemption. The defendants failed to redeem on their law day, and, there being no subsequent encumbrances, title to the subject premises vested in the plaintiff on May 21, 1997.

The plaintiff filed a motion for a deficiency judgment on May 22, 1997, pursuant to General Statutes § 49-14.[3] On November 21, 1997, following a hearing, the trial court set the fair market value of the property at $310,000, and rendered a $207,151.13 deficiency judgment for the plaintiff. This appeal followed. The defendants, on December 26, 1997, filed a motion to open

and the appellant cites to the oral decision of the trial court, as transcribed, which was not signed by the trial judge. "Practice Book § 4059 [now § 64-1] indicates that the trial court is required to state the factual basis of its oral or written decision. In the event that the trial court fails to perform its mandated duty, the appellant must file a motion with this court under either Practice Book § 4183 (1) [now § 60-2 (1)], seeking an order to compel the trial court to file a memorandum, or Practice Book § 4051 [now § 66-5], seeking an articulation. When an appellant . . . fails to present the factual basis of the court's decision, he has failed to provide an adequate record." *State* v. *Lawler,* supra, 828 n.2.

Although not fully complying with § 64-1, the trial court did issue a detailed statement of its findings in connection with its decision. While we do not condone the defendants' noncompliance, we choose to review the defendants' claims where the trial court's oral decision is sufficiently detailed so as not to "exalt form over substance." (Internal quotation marks omitted.) *Fiddelman* v. *Redmon,* 31 Conn. App. 201, 209 n.6, 623 A.2d 1064, cert. denied, 226 Conn. 915, 628 A.2d 986 (1993); see also *State* v. *Lawler,* supra, 30 Conn. App. 828 n.2.

[3] General Statutes § 49-14 (a) provides in relevant part: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. . . . At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The

and set aside the deficiency judgment, which the trial court denied on January 26, 1998. Thereafter, the defendants amended their appeal to challenge that denial. Other facts will be discussed where relevant to the issues in the case.

## I

The defendants first claim that the trial court improperly accepted the opinion of the plaintiff's appraiser as to the fair market value of the subject property because her testimony and appraisal report were based only on a drive-by inspection of the exterior.[4] We disagree.

The following additional facts and procedural history are relevant to the disposition of this claim. To determine the fair market value of the subject property, the plaintiff offered the testimony of Laura Callahan, a licensed real estate appraiser and expert witness. Callahan testified that she conducted only an exterior inspection, which is a typical procedure in appraising properties. Furthermore, Callahan testified that on the basis of the exterior inspection, the fair market value of the subject property as of the date of title vesting, May 21, 1997, was $310,000. Callahan, while admitting that she was never refused entry to the subject property and that her evaluation of the interior was based on an

plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

[4] At oral argument before this court, plaintiff's counsel claimed that the defendants failed to object to the admissibility of the evidence or the appraisal report at trial. We disagree. A review of the transcript reveals that the defendant stated the following at the deficiency judgment hearing: "My argument fundamentally goes to the competency of the testimony, which has been offered by the appraisal. My argument, Your Honor, is quite simply, when you boil it down, that absent interior inspection, there is no reasonable basis to allow for the assumptions that are made by the appraiser, regardless of whether or not she says it is standard in the industry, to allow this court to have any sense of what the interior is like, and resultingly, what the value of the property is like." We conclude, therefore, that the defendants properly preserved the issue for appeal.

assumption, also researched town hall records, comparable sales, Multiple Listing Service information and did "everything pertinent an appraiser would do in order to establish the value of the property."

The defendants conducted their own appraisal but did not introduce that evidence at the hearing.[5] Moreover, the defendants did not introduce any evidence regarding the interior of the subject property that might suggest a different fair market value, leading the trial court to infer that information regarding the interior of the property would not have increased the value. In rendering its oral decision, the trial court stated: "I have evidence before me by a qualified real estate appraiser based upon an assumption that I find completely justified; namely, to infer average interior condition from average exterior condition and a practice in the trade to do so, to justify my receiving her report as a reasonable estimate of value and on the basis of which I would render a deficiency judgment."

"A deficiency proceeding has a very limited purpose. In the hearing contemplated under § 49-14 to obtain a deficiency judgment, the court, after hearing the party's appraisers, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. . . . The deficiency hearing concerns the fair market value of the subject property as of the date title vests in the foreclosing plaintiff under § 49-14." (Citations omitted; internal quotation marks omitted.) *First Federal Bank, FSB* v. *Gallup*, 51 Conn. App. 39, 42, 719 A.2d 923 (1998). "[I]mplicit in . . . § 49-14 is the requirement that the party seeking a deficiency judgment satisfy her burden

---

[5] We note that at oral argument before this court, defendants' counsel conceded that the defendants had their own appraisal done.

of proof regarding the fair market value of the property"; *Eichman* v. *J & J Building Co.*, 216 Conn. 443, 445, 582 A.2d 182 (1990); in particular, the requirement "that the plaintiff provide the court with sufficient evidence to demonstrate that she is entitled to a deficiency judgment." Id., 450.

"When considering a motion for a deficiency judgment, the trial court may make an independent determination as to the valuation of the property. . . . Our Supreme Court has held that, in a deficiency judgment proceeding, [t]he determination of [a property's] value by a court is the expression of the court's opinion aided ordinarily by the opinions of expert witnesses, and reached by weighing those opinions in light of all the circumstances in evidence bearing upon value and its own general knowledge of the elements going to establish it. . . . [T]he determination of the credibility of expert witnesses and the weight to be accorded their testimony is within the province of the trier of facts, who is *privileged* to adopt whatever testimony he reasonably believes to be *credible*. . . .

"In determining valuation pursuant to [General Statutes] § 49-14, the trier, as in other areas of the law, is not bound by the opinion of the expert witnesses . . . . The evaluation of testimony is the sole province of the trier of fact. We do not retry the case. The conclusion of the trial court must stand unless there was an error of law or a legal or logical inconsistency with the facts found. . . . We will disturb the trial court's determination of valuation, therefore, only when it appears on the record before us that the court misapplied or overlooked, or gave a wrong or improper effect to, any test or consideration which it was [its] duty to regard." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Bank of Southeastern Connecticut* v. *Nazarko Realty Group*, 49 Conn. App. 452, 456–57, 714 A.2d 722 (1998).

The defendants claim that no rational inference can be made that the quality of the interior of a building bears any relationship to its exterior, that an exterior appraisal is simply not enough for a deficiency judgment. The defendants do not claim that an exterior appraisal is never adequate evidence to establish an accurate fair market value. In fact, the defendants acknowledge that *Farmers & Mechanics Bank* v. *Arbucci*, 24 Conn. App. 486, 589 A.2d 14, cert. denied, 219 Conn. 907, 593 A.2d 133 (1991), supports the proposition that an exterior appraisal is "acceptable evidence of value in cases where countervailing considerations brought about by the opposing parties' misconduct [necessitate] its acceptance by the trial court." The defendants argue, however, that no countervailing considerations exist in this case. The essence of the defendants' claim, therefore, is that an exterior appraisal does not provide, as a matter of law, a sufficient basis for the determination of fair market value in a deficiency judgment proceeding.

We are guided in the resolution of this claim by *Bank of Boston Connecticut* v. *Moniz*, 47 Conn. App. 234, 702 A.2d 655 (1997), appeal dismissed, 247 Conn. 394, 720 A.2d 1111 (1998). In *Moniz*, at a hearing regarding a strict foreclosure action, the plaintiff presented an appraisal of the property based on an exterior inspection and waived its right to rely on an interior inspection to increase the amount of any deficiency judgment. Id., 241. The defendants objected, arguing that the exterior appraisal was insufficient, but chose not to present any evidence regarding the value of the property. Id. As the evidence presented was uncontradicted, the trial court chose to rely on the appraiser's testimony in establishing value, which was within the trial court's province as the trier of fact. Id.

In obiter dicta, we stated that "[a]ny remedy the defendants might have regarding the value of the property would arise in proceedings for a deficiency judgment. If, as the defendants assert, an interior inspection would have increased the appraised value of the property, they can present that evidence at the hearing for a deficiency judgment." Id., 241–42. It is implicit in this statement that if the defendants were allowed to present evidence of the interior inspection at the deficiency judgment hearing, certainly the plaintiff would be allowed to offer evidence at the hearing based on the exterior inspection, as it had waived its right to rely on any interior inspection.[6]

Furthermore, in the present case, the appraiser's opinion of the fair market value of the subject property was not based solely on a drive-by inspection of the exterior. Callahan testified that in addition to the exterior inspection, she also researched town hall records, comparable sales and Multiple Listing Service information and did everything pertinent to establish the value of the subject property. As such, the trial court's determination as to the valuation of the property was based on weighing all the evidence bearing on the value, not solely the exterior appraisal, which was within the trial court's province as the trier of fact.

We conclude, therefore, that in determining the fair market value of the subject property, the trial court properly relied on the appraisal.

---

[6] Moreover, our review of the record discloses that the trial court considered the only evidence that it had before it, the expert testimony offered by the appraiser. The defendants decided, for whatever reason, not to offer evidence regarding the value of the subject property. As such, while the trial court was not bound by the opinion of the expert witness, it chose to credit her testimony. It was within the province of the trial court as the trier of fact to adopt the testimony that it reasonably believed was credible. See *Bank of Southeastern Connecticut* v. *Nazarko Realty Group*, supra, 49 Conn. App. 456.

## II

The defendants next challenge the trial court's denial of their motion to open and set aside the judgment. Specifically, the defendants claim that the trial court improperly (1) overruled their objection to hearsay testimony offered at the hearing, (2) determined the date stamped on the appearance form filed by plaintiff's counsel and (3) permitted the appearance of counsel for the plaintiff. Again, we disagree.

The following additional facts and procedural history are necessary for the resolution of these issues. On May 22, 1997, the law firm of Zeichner, Ellman & Krause (Zeichner) filed a motion for a deficiency judgment on behalf of the plaintiff. On June 4, 1997, the law firm of Gussak, Silver, Sklar & Kirsch, P.C. (Gussak), filed an amended appearance form indicating that its appearance was in addition to, rather than in lieu of, Zeichner.[7] The trial court rendered an oral decision at the hearing regarding the motion to open and set aside the judgment, stating: "All right. I am going to deny the motion." Immediately thereafter, the trial court found that Gussak filed the in lieu of appearance on May 28, 1997.[8]

## A

The defendants first claim that the trial court improperly overruled the defendants' objection to hearsay testimony offered by plaintiff's counsel, Zeichner,

[7] When Gussak filed the initial in lieu of appearance, the name of this law firm was Gussak, Jacobson, Silver & McChristian.

[8] The following colloquy between the defendants' counsel and the trial court took place at the conclusion of the hearing:

"[Defense Counsel]: Your Honor, may I ask for a finding of fact as to the date that the substitute appearance or the appearance in lieu was filed with the court because my review of the court file and my review of the computer system indicated May 20 was the date.

"The Court: May 28 is the date the appearance is dated and it is date stamped."

concerning his authority to pursue a deficiency judgment on behalf of the plaintiff.[9] We disagree.

"[H]earsay is a statement, other than one made by the declarant while *testifying* at the trial or hearing, *offered in evidence* to prove the truth of the matter asserted." (Emphasis added; internal quotation marks omitted.) *State* v. *Jarzbek*, 204 Conn. 683, 696 n.7, 529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988); see also 2 C. McCormick, Evidence (4th Ed. 1992) § 246, p. 97. "The rule against hearsay reflects the proposition that hearsay evidence is less reliable than sworn, in-court testimony because the declarant has not been subjected to the safeguards that advance the accuracy of a witness's *testimony*: the declarant's statements were not made under oath; he

---

[9] The following colloquy took place during the hearing:

"[Plaintiff's Counsel]: What happened was title vested on May 21. Our office filed deficiency judgment. Subsequent to that, [the plaintiff] requested that attorney Gussak's office undertake ejectment of the property.

"[Defense Counsel]: Your Honor, I apologize for interrupting, but that is hearsay, what his client instructed him or another law office to do. What my motion is based upon is what the court's file reflects and I am going to object to any characterization as to what his client instructed law offices to do unless there is someone competent to testify to that.

"The Court: Well, your whole argument is premised on the fact that the plaintiff wanted one law firm to appear in lieu of another and I am going to—I'll hear him as to what the plaintiff wanted. . . .

"[Plaintiff's Counsel]: As I was saying, Your Honor . . . what happened was attorney Gussak's office filed an appearance in lieu of ours and we received that on May 30. We immediately filed—wrote a letter to attorney Gussak's office . . . indicating to him that our office was processing the deficiency judgment. Could they please fix the appearance so that our firm doesn't get knocked out. On May—on June 4, immediately following that letter, they filed an amended appearance. Although it may not have been the exact procedure by which to do it, they filed this amended appearance which stated their appearance was actually in addition to ours, so inside of approximately six days, the matter had been clarified and our office proceeded with the deficiency judgment and obtained a deficiency judgment. At all times our office had authority to execute or prosecute the deficiency judgment with [the plaintiff's] authority to do so. It is really defense counsel's form over substance. We always had the authority to do so and [it was] just a simple clerical error."

is not present at trial so that the jury may observe his demeanor and thereby judge his credibility; and he cannot be cross-examined." (Emphasis added.) *State* v. *Jarzbek,* supra, 696 n.7.

At the hearing on the motion to open and set aside the judgment, the plaintiff's counsel offered the court an explanation regarding the appearance forms filed by Gussak. The plaintiff's counsel, however, neither offered this explanation in the form of testimony, nor offered any evidence. Accordingly, since the rule of evidence regarding hearsay was inapplicable, the defendants' claim is without merit.

## B

The defendants next claim that the trial court improperly determined the date stamped on the appearance form filed by plaintiff's counsel. Specifically, the defendants claim that the trial clerk's docket summary indicates that Gussak's in lieu of appearance was entered by the clerk's office on May 20, 1997, and, therefore, the trial court's finding that Gussak's appearance was filed on May 28 was clearly erroneous. The defendants argue that because Zeichner's appearance was effectively withdrawn on May 20 because of the Gussak appearance, Zeichner had no right to file the May 22 motion for deficiency judgment and, therefore, "no deficiency judgment should have or can ever enter." We disagree.

"Appellate review of findings of fact is limited to deciding whether such findings were clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . We do not examine the record to determine

whether the trier of fact could have reached a conclusion other than the one reached." (Citation omitted; internal quotation marks omitted.) *Sivilla* v. *Philips Medical Systems of North America, Inc.*, 46 Conn. App. 699, 708–709, 700 A.2d 1179 (1997).

An examination of the complete record reveals that there is evidence to support the trial court's determination that the date stamped on the appearance form was May 28. We conclude, therefore, that the trial court's finding was not clearly erroneous.

C

The defendants finally claim that on June 4, 1997, there was no counsel of record in addition to which Gussak could file an appearance, and the effective withdrawal of Zeichner on May 20, 1997,[10] invalidates and voids the motion for deficiency judgment that Zeichner filed on May 22, 1997, and argued on November 21, 1997.

Essentially, the defendants' claim is premised on the Gussak in lieu of appearance's being filed on May 20 rather than May 28. Because of our conclusion that the trial court's finding as to the date stamped on the appearance form was not clearly erroneous, we will not pursue the defendant's final claim, which is rendered purely academic. See *Christensen* v. *Bic Corp.*, 18 Conn. App. 451, 458–59, 558 A.2d 273 (1989).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[10] The defendants state in their brief that Practice Book § 7X, now § 3-9 (a), indicates that a party is deemed to have withdrawn an appearance "upon failure to file a written objection within ten days after written notice has been given or mailed to such attorney or party that a new appearance has been filed in place of the appearance of such attorney or party . . . ." Similar to the argument in part II B, the defendants argue that because Gussak filed an appearance on May 20, 1997, and Zeichner did not object within ten days, Zeichner is deemed to have withdrawn from the case on May 20, 1997. Practice Book § 7X was a temporary number assigned to the former rule 77 as of July 29, 1977, and replaced in the 1998 revision of Practice Book § 3-9.