[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT VINCENT L. SABATINI'S MOTION TO SET ASIDE DEFAULT AND PLAINTIFF'S OBJECTION THERETO
In this foreclosure case the court entered judgment of foreclosure on February 25, 2002. It ordered the judgment held in abeyance when the defendant Sabatini's attorney reported to the court that he had filed a timely disclosure of defense. The court then ordered a two weeks continuance so that it could examine the file.
The following is the scenario of filings that occurred in this case pertinent to this motion:
6/7/01 Plaintiff's demand for disclosure of defense filed;
6/14/01 Defendant's disclosure of no defense filed;
 6/18/01 Plaintiff's motion for default for failure to disclose a defense;
8/1/01 Defendant files a disclosure of defense;
 8/22/01 Court grants plaintiff's motion for default filed on 6/18/01;
3/6/02 Defendant files answer and special defense.
The court denies defendant's motion to set aside the default against him and sustains the plaintiff's objection to defendant's motion for the following reasons:
1. Practice Book § 13-19 requires a five day response to a demand for a disclosure of defense or a motion for default may be filed.
A late response may be regarded by the court as untimely filed. Bank ofBoston v. Moniz, 47 Conn. App. 234, 237 (1997).
2. Any amendment to the pleadings (such as the filing of an answer after judgment requires the consent of the court if there is objection or no consent. Practice Book § 10-60. The defendant obtained none of these requisites.
3. If the defendant wished to amend his notice (disclosure) of defense he must comply with Practice Book § 17-38 and obtain, for good cause CT Page 4213 shown, the court's permission. He did not seek such permission but merely a new disclosure of defense.
4. The defendant did not file a motion to open the default or the judgment nor did he assert reasonable cause to open either. See Higginsv. Karp, 243 Conn. 49 (1998), Practice Book §§ 42 and 43.
The judgment entered on February 25, 2002 may stand with the exception that the law day shall be April 29, 2002. The clerk shall send appropriate notice to all parties.
Freed, J.