JACQUELINE JENKINS *v.* JACQUELYN KOS ET AL.
(AC 22889)

Flynn, Bishop and Mihalakos, Js.

Argued May 27—officially released August 19, 2003

*Ralph J. Monaco*, with whom was *Patrick J. Day*, for the appellant (plaintiff).

*James V. Somers*, with whom, on the brief, was *Richard C. Tynan*, for the appellee (defendant Rebecca Green).

*Opinion*

MIHALAKOS, J. In this medical malpractice action, the plaintiff, Jacqueline Jenkins, appeals following the trial court's denial of her motion for reconsideration of its denial of her motion to set aside the verdict and for a new trial after the court rendered judgment in accordance with the verdict in favor of the defendant Rebecca Green.[1] On appeal, the plaintiff claims that the court improperly denied her motion for reconsideration because the court improperly had admitted (1) evidence of a prior lawsuit she had filed and (2) evidence concerning her entire medical history, both of which she

---

[1] The complaint originally named two defendants, Green, a chiropractor, and Jacquelyn Kos, a chiropractor. The plaintiff withdrew the claim against Kos prior to trial. We therefore refer in this opinion to Green as the defendant.

argues were irrelevant and unfairly prejudiced her case.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiff's appeal. The plaintiff sustained injuries to her lower back and neck in a motor vehicle accident in 1989. She was treated for those injuries between 1989 and 1993. The plaintiff first began treatment with Jacquelyn Kos, a chiropractor, in March, 1997, for jaw pain she was experiencing due to temporomandibular joint syndrome. After seeing Kos on a number of occasions, the plaintiff received chiropractic treatment from the defendant on April 11, 1997. It is from the April 11, 1997 session with the defendant that this action arises. The plaintiff claims that the defendant negligently manipulated her lower back, resulting in an aggravation and permanent worsening of her preexisting lower back condition.

The jury returned a verdict for the defendant on October 24, 2001. The plaintiff timely filed a motion to set aside the verdict and for a new trial on November 2, 2001. The court denied those motions on January 31, 2002, and no appeal was taken. On February 13, 2002, the plaintiff filed a motion for reconsideration, which the court also denied. It is from that denial that the plaintiff appeals. Additional facts will be set forth as necessary.

I

The plaintiff first claims that the court improperly admitted evidence concerning a prior lawsuit, which she had filed in conjunction with the 1989 motor vehicle

---

[2] The plaintiff originally addressed three specific issues in her brief. In her third claim, the plaintiff argued that the court improperly failed to provide the jury with information that it had requested during deliberations and permitted the jury to render a "rushed verdict." This court already has addressed that claim on our motion calendar, granting the defendant's motion to strike.

accident. She argues that the evidence was irrelevant or, in the alternative, unfairly prejudicial to her case. We conclude that the court did not abuse its discretion in admitting that evidence.

The applicable standard of review for evidentiary issues is whether the court abused its discretion. "[T]he trial court has broad discretion in ruling on the admissibility [and relevancy] of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion." (Internal quotation marks omitted.) *Doe* v. *Thames Valley Council for Community Action, Inc.*, 69 Conn. App. 850, 853–54, 797 A.2d 1146, cert. denied, 261 Conn. 906, 804 A.2d 212 (2002). "We will make *every reasonable presumption* in favor of upholding the trial court's ruling, and only upset it for a *manifest abuse of discretion*." (Emphasis in original; internal quotation marks omitted.) *Van Nest* v. *Kegg*, 70 Conn. App. 191, 201, 800 A.2d 509 (2002).

A

The main thrust of the plaintiff's first argument is that it was unnecessary for the jury to know of the prior lawsuit to determine whether the defendant's treatment exacerbated her preexisting lower back condition.

All relevant evidence is admissible except as provided by the federal or state constitutions or Connecticut statute. Conn. Code Evid. § 4-2. "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . [E]vidence need not exclude all other possibilities [to be relevant]; it is sufficient if it tends to support the conclusion [for which it is offered], even to a slight degree." (Internal quotation marks omitted.) *United Technologies Corp.* v. *East Windsor*, 262 Conn. 11, 29, 807 A.2d 955 (2002). The fact that evidence may be subject to several interpretations does not affect its admissibility as long as it can be

construed as relevant. *State* v. *Sanchez*, 69 Conn. App. 576, 584, 795 A.2d 597 (2002).

The plaintiff was assigned a 10 percent permanent partial disability rating to her lumbosacral spine as a result of injuries sustained in the 1989 accident. Roslyn Posner Einbinder, a neurologist, assigned that disability rating to the plaintiff in July, 1989. Information concerning the plaintiff's treatment with Einbinder, including the disability rating, was forwarded to Thomas A. Cloutier, the plaintiff's attorney in the prior action.

The prior action was introduced at the trial in this case in the context of testimony relating to the plaintiff's disability rating. Such testimony was certainly relevant to the plaintiff's claim that the defendant's treatment had exacerbated her preexisting lower back condition. Because the prior lawsuit was raised in the context of highly relevant evidence, the court did not abuse its discretion in admitting that evidence.

Additionally, the plaintiff clearly opened the door to the subject of the prior lawsuit. The plaintiff entered into evidence as a full exhibit her medical records from Einbinder. Those records contained the memorandum written by Einbinder in which she assigned the disability rating to the plaintiff. That memorandum was provided to Cloutier. In fact, the plaintiff's evidence contained a number of letters written to Cloutier by Einbinder specifically regarding the plaintiff's medical condition as related to the treatment of injuries sustained in the 1989 accident.

"A party who initiates discussion of an issue, whether on direct or cross-examination, is said to have opened the door to inquiry by the opposing party, and cannot later object when the opposing party so questions the witness." (Internal quotation marks omitted.) *New London Federal Savings Bank* v. *Tucciarone*, 48 Conn. App. 89, 95, 709 A.2d 14 (1998).

The plaintiff not only entered that memorandum into evidence as an exhibit, but also made explicit references to it during direct examination. The plaintiff's attorney raised the 1989 accident and her ensuing treatment with Einbinder on direct examination of the plaintiff and specifically referenced the memorandum at issue in his examination of the plaintiff's witness, Joseph Costello, a chiropractor. On the basis of the law of relevancy and the fact that the plaintiff had opened the door to the evidence, we conclude that the court did not abuse its discretion in admitting evidence of the prior lawsuit.

B

The plaintiff next contends that even if the prior lawsuit was relevant, its prejudicial value outweighed its probative value such that evidence of the lawsuit should have been excluded. She maintains that evidence of the prior lawsuit led the jury to conclude that she already had been compensated for her injuries and that she was "sue happy." Further, the plaintiff argues that the evidence was prejudicial in that it confused the jury. We are not persuaded.

The court may exclude relevant evidence when its probative value is outweighed by the danger of unfair prejudice or surprise, confusion of the issues or misleading the jury. Conn. Code Evid. § 4-3. Unfair prejudice is that which "unduly arouse[s] the jury's emotions of prejudice, hostility or sympathy . . . ." (Citation omitted; internal quotation marks omitted.) *Ancheff* v. *Hartford Hospital*, 260 Conn. 785, 804, 799 A.2d 1067 (2002). In other words, the evidence must create undue prejudice so that it would threaten the possibility of an injustice were it to be admitted. C. Tait, Connecticut Evidence (3d Ed. 2001) § 4.8.1, pp. 208–209. The evidence must be unfair in those respects because "[a]ll evidence adverse to a party is, to some degree, prejudi-

cial." (Internal quotation marks omitted.) *Berry* v. *Loiseau*, 223 Conn. 786, 806, 614 A.2d 414 (1992).

That balancing test requires the court to weigh the probative value of the proffered evidence against the harm that is likely to result from its admission. See *Farrell* v. *St. Vincent's Hospital*, 203 Conn. 554, 563, 525 A.2d 954 (1987). That determination is left to the discretion of the court. See *State* v. *Ferguson*, 260 Conn. 339, 351, 796 A.2d 1118 (2002).

We already have determined that the prior action was introduced in the context of testimony related to the issue of the plaintiff's disability rating. The disability rating was relevant to the plaintiff's claim that the defendant's treatment exacerbated the plaintiff's preexisting lower back condition. We also have determined that the evidence was addressed properly in cross-examination because the plaintiff had opened the door to the subject on direct examination. *New London Federal Savings Bank* v. *Tucciarone*, supra, 48 Conn. App. 95. We therefore agree with the conclusion of the court that the probative value of the prior lawsuit outweighed its prejudicial effect.

In addition, the fact that the plaintiff had filed an action in the past did not create an injustice. A different result would not have come to bear if the evidence were excluded. A party claiming evidentiary error "must show that it is more probable than not that the erroneous action of the court affected the result." (Internal quotation marks omitted.) *State* v. *Ferguson*, supra, 260 Conn. 357.

Here, the plaintiff argues only that the evidence could have confused the jury by leading it to believe that she previously had been compensated for her injuries or that she was litigious. Those arguments are speculative, especially when one considers the evidence on which the jury ultimately could have based its verdict. The

plaintiff's medical records were replete with evidence of lower back pain, tending to disprove her claim that her lower back condition was dormant before the defendant's alleged negligence caused the back pain to return.

## II

The plaintiff's second claim is that her case was unfairly prejudiced by the introduction of evidence concerning her entire medical history and that the court improperly permitted its introduction. Again, we find that the court did not abuse its discretion in admitting that evidence.

The plaintiff, in paragraph eight of her complaint, alleged that the defendant had caused her mental pain.[3] The defendant denied that claim, therefore, putting the issue in dispute. The defendant was, therefore, entitled to have the jury consider that the plaintiff had suffered mental pain requiring treatment with Prozac before the alleged negligence of the defendant.

Further, the plaintiff put her medical history and, specifically, her use of Prozac, directly in issue by admitting into evidence as exhibits her medical records. Those records contained numerous references to the plaintiff's use of Prozac prior to the alleged negligence

[3] Paragraph eight of the plaintiff's complaint alleges: "As a direct and proximate result of the negligence and carelessness of the defendant, Rebecca Green, D.C. as aforesaid, the plaintiff sustained an exacerbation and/or aggravation of her preexisting lower back condition. In addition, the plaintiff was required to undergo diagnostic testing and treatment for the aforesaid injuries. To treat these injuries, the plaintiff was placed upon a substantial program of physical therapy and was prescribed various types of medications. In all probability, the injuries sustained by the plaintiff will necessitate further care and are permanent in nature. Moreover, it is likely that the plaintiff's injuries will be the source of continuing pain and disability. In addition, she suffered and will in the future suffer great physical and mental pain and has been and will in the future be unable to participate in many of the activities in which she engaged prior to said incident."

of the defendant. In addition, the plaintiff's counsel directly referenced those records during direct examination of both the plaintiff, herself, and her expert witness. Because the plaintiff opened the door to that evidence, she cannot now object to its introduction. See *New London Federal Savings Bank* v. *Tucciarone*, supra, 48 Conn. App. 95.

Under those circumstances, the plaintiff's medical records and her prior use of Prozac are probative, and the court was correct in admitting the medical history. There is no error.

### III

Finally, the plaintiff claims that the court improperly permitted the jurors to "rush to judgment" before hearing a portion of testimony that they wanted to have read to them. Our careful review of the record reveals nothing to indicate that the court in any way rushed the jurors. It was their prerogative to return a verdict when they reached unanimity. The fact that they did so before certain testimony could be read to them does not impair their verdict, nor did it require the court to set it aside.

The judgment is affirmed.

In this opinion the other judges concurred.