## BANCO POPULAR NORTH AMERICA
## *v.* DU'GLACE, LLC, ET AL.
## (AC 35014)

Gruendel, Robinson and Keller, Js.

Submitted on briefs September 13—officially released November 12, 2013

*Howard M. Gould* and *Elizabeth R. Woodhull* filed a brief for the appellant (defendant Douglas F. Holt).

*Philip G. Kent* and *Karen Baldwin Kravetz* filed a brief for the appellee (plaintiff).

*Opinion*

ROBINSON, J. In this mortgage foreclosure action, the defendant Douglas F. Holt, a guarantor of the mortgage debt, appeals from the deficiency judgment rendered against him and the defendant mortgagor, du'Glace, LLC, by the trial court in favor of the plaintiff, Banco Popular North America, in the amount of $281,910.42.[1] Holt claims that, in ruling on the plaintiff's motion for a deficiency judgment, the court improperly admitted into evidence a "restricted use" appraisal report and relied upon that same appraisal report in

---

[1] Also named as defendants in the operative complaint were William Von Ahnen and Jacqueline Von Ahnen, as additional personal guarantors of the mortgage debt, and Patricia Von Ahnen, as a subsequent encumbrancer of the subject property, a restaurant located in Deep River. Patricia Von Ahnen was defaulted for failure to appear and is not a participant in this appeal. The plaintiff did not seek a deficiency judgment against William Von Ahnen and Jacqueline Von Ahnen, each of whom had filed for bankruptcy relief. Neither is a participant in this appeal. Finally, we note that the defendant du'Glace, LLC, did not file an appeal from the deficiency judgment, and it has not participated in the present appeal.

determining the fair market value of the subject property. We disagree and affirm the judgment of the court.

The record reveals the following facts and procedural history relevant to this appeal. Defaults were rendered in the foreclosure action against all the defendants. On March 14, 2011, the court, *Abrams, J.*, rendered judgment of strict foreclosure in favor of the plaintiff. The court found that the debt, including attorney's fees, was $727,889.69, and that the property had a fair market value of $410,000. The court set law days to commence on May 9, 2011, beginning with du'Glace, LLC, as the owner of the equity of redemption, and continuing for subsequent encumbrancers in the inverse order of priorities. No appeal was taken from the foreclosure judgment. All law days subsequently passed without redemption, at which time title to the subject property fully vested in the plaintiff.[2] See *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 167, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989).

On June 14, 2011, the plaintiff filed a motion for a deficiency judgment. In the motion, the plaintiff requested that the court hold an evidentiary hearing and, pursuant to Practice Book § 23-19, disclosed that the plaintiff intended to call Michael Aletta as an expert witness regarding the value of the subject property on the date that title vested in the plaintiff. On September 16, 2011, the plaintiff served copies of what was titled a "limited restricted use appraisal report of commercial property," which was accompanied by an affidavit from Aletta stating his opinion that the subject property had a fair market value of $410,000 at the time title vested in the plaintiff. On October 6, 2011, the court, *Holzberg*,

[2] In its August 6, 2012 memorandum of decision, the court states that title vested in the plaintiff on May 16, 2011. Although it is not clear from the record precisely which of the defendants were entitled to and awarded law days, that issue is not before this court, and it is not in dispute that all law days had expired, at the latest, by May 16, 2011.

*J.*, issued an order that argument on the motion for a deficiency judgment would be necessary, indicating that "[c]onsideration of this motion will require the testimony of the appraiser."[3]

On November 7, 2011, Holt filed an objection to the plaintiff's motion for a deficiency judgment.[4] On November 14, 2011, the parties appeared before Judge Holzberg for the purpose of hearing testimony from Aletta about his appraisal and findings, and to allow Holt's counsel an opportunity to cross-examine Aletta as to whether the appraisal and his findings were consistent with standards in the field and based on methodology consistent with the Uniform Standards of Professional Appraisal Practice (USPAP). See General Statutes § 20-504.[5] At the start of the hearing, Holt's counsel indicated that he had just filed a motion in limine that sought an order "excluding any and all evidence of, or reference to, the 'limited restricted appraisal report' based on the ground that such evidence does not meet the standards for admissibility, and is inherently prejudicial . . . ." Following the hearing, on November 29, 2011, the plaintiff filed a memorandum of law that addressed both

---

[3] The motion for a deficiency judgment first came before Judge Holzberg at a short calendar hearing on October 3, 2011. The plaintiff's counsel appeared at that time without an appraiser. There is no indication that anyone appeared on behalf of any of the defendants. After a brief exchange with the plaintiff's counsel about the current appraisal and the appraisal relied on at the time the judgment of foreclosure was rendered, the court indicated: "I need to look at this more carefully. I can't do it now. I'm not guaranteeing I'm not going to reschedule this with Mr. Aletta present in person; but, for now, I'll take the papers."

[4] Holt indicated in his motion that Christopher Buckley would testify on his behalf as to the value of the subject property. There is nothing in the record, however, that indicates that Buckley's opinion was ever presented to the court.

[5] General Statutes § 20-504 provides in relevant part that the Commissioner of Consumer Protection may adopt reasonable regulations that, inter alia, "shall require any real estate appraiser to comply with generally accepted standards of professional appraisal practice as described in the [USPAP] issued by the Appraisal Standards Board of the Appraisal Foundation . . . ."

Holt's objection to the motion for a deficiency judgment and his motion in limine. The parties appeared before the court again on December 12, 2011, for additional argument on the motion in limine.

On August 6, 2012, the court issued a memorandum of decision granting the plaintiff's motion for a deficiency judgment against Holt and du'Glace, LLC. In the memorandum, the court also disposed of the motion in limine, noting that, although Holt had raised a number of interesting issues concerning the propriety of the appraisal offered by the plaintiff, the court was "not precluded from considering either the appraisal itself or the expert's opinion concerning fair market value. The short answer is that [Holt]'s objection goes to the weight, not the admissibility, of the evidence." The court found that the fair market value of the subject property on the date title vested in the plaintiff was $510,000, significantly more than Aletta's appraised value, resulting in a deficiency judgment of $281,910.42. The court explained that it reached its decision by taking into account all evidence presented, including the appraisal and its inherent limitations, the comparables used in the appraisal, and the credibility of Aletta. This appeal followed.

"A deficiency judgment provides a means for a mortgagee to recover any balance due on the mortgage note that was not satisfied by the foreclosure judgment . . . . It is the only means of satisfying a mortgage debt when the security is inadequate to make the foreclosing plaintiff whole." (Citation omitted; internal quotation marks omitted.) *People's Bank* v. *Bilmor Building Corp.*, 28 Conn. App. 809, 822, 614 A.2d 456 (1992). A motion for a deficiency judgment may be brought "[a]t any time within thirty days after the time limited for redemption has expired . . . ." General Statutes § 49-14 (a). "A deficiency proceeding has a very limited purpose. In the hearing contemplated under § 49-14 to

obtain a deficiency judgment, the court, after hearing the party's appraisers, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. . . . The deficiency hearing concerns the fair market value of the subject property as of the date title vests in the foreclosing plaintiff under § 49-14. . . . [I]mplicit in . . . § 49-14 is the requirement that the party seeking a deficiency judgment satisfy her burden of proof regarding the fair market value of the property . . . in particular, the requirement that the plaintiff provide the court with sufficient evidence to demonstrate that she is entitled to a deficiency judgment. . . .

"When considering a motion for a deficiency judgment, *the trial court may make an independent determination as to the valuation of the property.* . . . Our Supreme Court has held that, in a deficiency judgment proceeding, [t]he determination of [a property's] value by a court *is the expression of the court's opinion* aided ordinarily by the opinions of expert witnesses, and reached by weighing those opinions *in light of all the circumstances in evidence bearing upon value and its own general knowledge of the elements going to establish it.* . . . [T]he determination of the credibility of expert witnesses and the weight to be accorded their testimony is within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible. . . .

"In determining valuation pursuant to [General Statutes] § 49-14, the trier, as in other areas of the law, is not bound by the opinion of the expert witnesses . . . . The evaluation of testimony is the sole province of the trier of fact. We do not retry the case. The conclusion of the trial court must stand unless there was an error of law or a legal or logical inconsistency with the facts

found. . . . We will disturb the trial court's determination of valuation, therefore, only when it appears on the record before us that the court misapplied or overlooked, or gave a wrong or improper effect to, any test or consideration which it was [its] duty to regard." (Citations omitted; emphasis altered; internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Weinstein*, 52 Conn. App. 348, 352–53, 727 A.2d 720 (1999). Finally, "the trial court has broad discretion in ruling on the admissibility [and relevancy] of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion." (Citation omitted; internal quotation marks omitted.) *New England Savings Bank* v. *Bedford Realty Corp.*, 238 Conn. 745, 752, 680 A.2d 301 (1996).

On appeal, Holt claims that the court erred in denying his motion in limine, admitting into evidence Aletta's "limited restricted use appraisal report," and by relying on that appraisal and on Aletta's expert testimony in determining the subject property's fair market value. Holt argues that Aletta's appraisal was a "restricted use" appraisal as that term is used in USPAP, and that such an appraisal is intended only for the client's use and not by third parties such as the court because, by definition, such an appraisal does not contain all of the data, reasoning and analysis used in the appraisal process, and, therefore, is inherently unreliable. Holt supports his argument by relying on admissibility standards for scientific evidence; see *State* v. *Porter*, 241 Conn. 57, 698 A.2d 739 (1997) (adopting similar approach to admissibility of scientific evidence as set forth in *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 [1993]), cert. denied, 523 U.S. 1058, 118 S. Ct. 1384, 140 L. Ed. 2d 645 (1998); and citations to two tax assessment cases from other jurisdictions, one in which the court granted a motion in limine under the Federal Rules of Evidence

barring admission of an appraisal report because it was not "the product of reliable methods and the authors have not applied reliable principles and methods reliably to the facts of the case"; *Boltar, L.L.C.* v. *Commissioner of Internal Revenue,* 136 T.C. 326, 340 (2011); and the other holding that "restricted use" appraisals should not be admitted as evidence for valuation purposes. See *Omaha Country Club* v. *Douglas County Board of Equalization,* 11 Neb. App. 171, 177–78, 645 N.W.2d 821 (2002). We do not find the arguments persuasive.

In *Daubert,* the United States Supreme Court charged federal trial judges to act as gatekeepers regarding the reasoning or methodology behind scientific evidence so as to exclude from admission any unreliable evidence and related expert testimony. See *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.,* supra, 509 U.S. 589–90, 592–93. Our Supreme Court adopted the *Daubert* approach regarding the threshold admissibility of scientific evidence. See *State* v. *Porter,* supra, 241 Conn. 61. Although federal courts have applied the *Daubert* gatekeeping function as to the admission of all expert testimony, not just testimony based in science; see *Kumho Tire Co., Ltd.* v. *Carmichael,* 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999); Connecticut has never adopted that expansion of the *Daubert* holding. See *Message Center Management, Inc.* v. *Shell Oil Products Co.,* 85 Conn. App. 401, 422 n.12, 857 A.2d 936 (2004). Because a real estate appraisal is not scientific evidence, any reliance by Holt on the *Porter-Daubert* line of cases or cases such as *Boltar, L.L.C.,* applying federal admissibility standards is misplaced.[6]

"All relevant evidence is admissible except as provided by the federal or state constitutions or Connecticut statute. Conn. Code Evid. § 4-2. Relevant evidence

---

[6] We note that Holt does not argue that a real estate appraisal is scientific evidence, nor does he ask us to adopt the expansion by *Kumho Tire Co., Ltd.,* of the *Daubert* holding as the law of this state.

is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . The fact that evidence may be subject to several interpretations does not affect its admissibility as long as it can be construed as relevant." (Citation omitted; internal quotation marks omitted.) *Jenkins* v. *Kos*, 78 Conn. App. 840, 843–44, 829 A.2d 31 (2003). The appraisal report and Aletta's testimony were relevant, as they had a logical tendency to aid the court as the trier of fact in reaching its independent determination regarding the value of the subject property. We can find no Connecticut authority suggesting that a real estate appraiser must fully satisfy USPAP standards in a particular manner before a court can admit and consider that appraiser's expert testimony or appraisal report; the court, in fact, has wide discretion in admitting expert testimony regarding property values. See *Caciopoli* v. *Lebowitz*, 131 Conn. App. 306, 323, 26 A.3d 136 (2011), aff'd, 309 Conn. 62, 68 A.3d 1150 (2013); see also *Taylor* v. *King*, 121 Conn. App. 105, 120, 994 A.2d 330 (2010) (witness qualified to testify to diminution in value of property despite not being licensed as real estate appraiser pursuant to General Statutes § 20-501).

Here, Aletta testified subject to cross-examination about his background and experience as a real estate appraiser and about how he came to reach the opinion expressed in the appraisal report. Holt's attorney fully cross-examined Aletta regarding his appraisal methods, including the fact that the appraisal was done without the benefit of examining the interior of the subject property.[7] The court was free to accept or reject in

---

[7] This court previously has rejected a foreclosure defendant's claim that, as a matter of law, a wholly exterior appraisal or "drive-by" appraisal cannot provide a sufficient basis for determining a property's fair market value in a deficiency judgment proceeding, especially when other information such as town records, comparable sales and Multiple Listing Service information is part of the appraisal process. See *Citicorp Mortgage, Inc.* v. *Weinstein*, supra, 52 Conn. App. 354–55.

whole or in part the evidence before it regarding valuation. See *Citicorp Mortgage, Inc.* v. *Weinstein,* supra, 52 Conn. App. 353. We agree with the court's conclusion that any irregularities that Holt sought to expose regarding Aletta's methodology were fodder for cross-examination and went to the weight, and not the admissibility, of the appraisal or the expert testimony.

In sum, "[t]he trial court has wide discretion in ruling on the qualification of expert witnesses and the admissibility of their opinions. . . . The court's decision is not to be disturbed unless [its] discretion has been abused, or the error is clear and involves a misconception of the law." (Internal quotation marks omitted.) *Hutchinson* v. *Andover,* 49 Conn. App. 781, 788, 715 A.2d 831 (1998). On the record before us, we find no such abuse of discretion, clear error or misconception of the law in the court's admission of Aletta's appraisal or expert testimony.

The judgment is affirmed.

In this opinion the other judges concurred.