BENJAMIN BROWNSTEIN ET AL. *v.*
KENNETH C. SPILKE
(AC 29796)
(AC 29906)

Bishop, DiPentima and Berdon, Js.

Argued September 14—officially released November 3, 2009

*Daniel Shepro*, for the appellant (substitute plaintiff J. Diamond Properties, LLC, in AC 29796).

*Georgina Spilke*, pro se, the appellant (defendant in AC 29906).

*Glenn L. Formica*, with whom, on the brief, were *William B. Wynne, Joseph M. Wicklow III* and *Henry N. Silverman*, for the appellee (named defendant).

*Opinion*

BISHOP, J. In these consolidated appeals, the substitute plaintiff, J. Diamond Properties, LLC (Diamond), and the defendant Georgina Spilke appeal from the judgment of the trial court denying Diamond's motion

for a deficiency judgment as to the defendant Kenneth C. Spilke.[1] In AC 29796, Diamond claims that the court improperly determined that it failed to prove the fair market value of the subject property as of the date title vested in Diamond following a judgment of foreclosure and that it would be inequitable to grant the deficiency judgment. In AC 29906, Georgina Spilke contends that the defendant's claim regarding the deficiency judgment is barred by the doctrine of res judicata. We affirm the judgment of the court in AC 29796 and dismiss the appeal in AC 29906.

The following factual and procedural history is relevant to the resolution of the issues on appeal. In 1986, the defendant executed a note and mortgage to Benjamin Brownstein and Pamela Brownstein in the amount of $54,500. The note was secured by a mortgage on certain real property in New Haven. On July 8, 1988, the Brownsteins commenced foreclosure proceedings against the defendant. Before the action was dismissed on the basis of dormancy in December, 1992, the court granted five motions filed by the Brownsteins for exemption from the dormancy list. After the case was reinstated to the docket in April, 1993, the court granted five additional motions for exemption from the dormancy list. On March 26, 2001, the Brownsteins filed a motion for a judgment of strict foreclosure and, on April 23, 2002, certified that the pleadings were closed.

The note and mortgage lien were assigned to KILM, Inc., which was substituted as the plaintiff on May 12, 2003. KILM, Inc., impleaded several additional defendants, including Georgina Spilke, who was the defendant's wife at the time. Subsequently, KILM, Inc., transferred its interest to Diamond, which was substituted as the plaintiff on September 29, 2003.

---

[1] Several subsequent encumbrancers were impleaded as defendants in this action; however, because the deficiency judgment was sought only as to Kenneth Spilke, we refer to him in this opinion as the defendant.

On June 21, 2004, Diamond filed a motion for a judgment of strict foreclosure, which the court granted on August 2, 2004. On the basis of an appraisal performed by Charles A. Liberti of Blue Ribbon Appraisal, LLC, the court found the fair market value of the subject property as of that date to be $56,000. The court found the debt to be $143,548.97, comprised of principal in the amount of $54,500, and interest from April 1, 1988, through June 22, 2004, in the amount of $88,436.84. Title vested in Diamond on September 14, 2004.

On October 7, 2004, Diamond timely filed a motion for a deficiency judgment against only the defendant and indicated, in its motion, that the fair market value of the property was $72,500. The defendant objected to the motion. He contended, inter alia, that his marriage to Georgina Spilke was dissolved in 2003, and that the dissolution decree provided that if she purchased the property then owned by KILM, Inc., she would not attempt to collect a deficiency judgment against him. He contended, as well, that their agreement further provided that the terms would be binding on others, including heirs and assigns, expressed or not. The defendant claimed that Diamond is an entity owned and operated by Georgina Spilke's son, who had purchased the note to pursue a deficiency on behalf of his mother. On this basis, the defendant contended that Georgina Spilke was attempting to circumvent the dissolution agreement by having her son bring the deficiency action, and, consequently, the defendant should not be held responsible for the deficiency. The defendant also moved for contempt in the dissolution action, claiming that Georgina Spilke violated the above referenced provision by seeking a deficiency judgment in the foreclosure action. On October 14, 2005, the court denied the motion for contempt in the dissolution action, finding that Georgina Spilke's son had acted

independently from her in pursuing the deficiency judgment.

On March 27, 2008, the court denied the motion for a deficiency judgment and sustained the defendant's objection. Thereafter, on July 1, 2008, the court issued an articulation, indicating that Diamond had failed to prove the value of the property at the time of vesting on September 14, 2004, and that it would be inequitable to grant the deficiency on the basis that "the history of the proceedings, the relationships between the parties and the delay in prosecuting the foreclosure action diligently increased the interest to the amount claimed in the deficiency." Georgina Spilke filed a motion for reconsideration, which the court denied on the ground that she was not a party to the motion for a deficiency judgment. These appeals followed. Additional facts will be set forth as necessary.

I

AC 29796

Diamond claims that the court improperly concluded that it failed to establish the value of the property as of September 14, 2004, the date it obtained title. We disagree.

This court has noted that "[a] deficiency proceeding has a very limited purpose. . . . [T]he court, after hearing the party's appraisers, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. . . . The deficiency hearing concerns the fair market value of the subject property as of the date title vests in the foreclosing plaintiff under [General Statutes] § 49-14." (Internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Weinstein*, 52 Conn. App. 348, 352, 727

A.2d 720 (1999). "[T]he value placed on the property by the court for the purposes of rendering judgment of strict foreclosure and setting law days [is] irrelevant to a subsequent deficiency judgment proceeding." (Internal quotation marks omitted.) *SKW Real Estate Ltd. Partnership* v. *Mitsubishi Motor Sales of America, Inc.*, 56 Conn. App. 1, 7–8, 741 A.2d 4 (1999), cert. denied, 252 Conn. 931, 746 A.2d 793 (2000).

"[I]mplicit in . . . § 49-14 is the requirement that the party seeking a deficiency judgment satisfy her burden of proof regarding the fair market value of the property . . . in particular, the requirement that the plaintiff provide the court with sufficient evidence to demonstrate that she is entitled to a deficiency judgment. . . . When considering a motion for a deficiency judgment, the trial court may make an independent determination as to the valuation of the property. . . . Our Supreme Court has held that, in a deficiency judgment proceeding, [t]he determination of [a property's] value by a court is the expression of the court's opinion aided ordinarily by the opinions of expert witnesses, and reached by weighing those opinions in light of all the circumstances in evidence bearing upon value and its own general knowledge of the elements going to establish it. . . . [T]he determination of the credibility of expert witnesses and the weight to be accorded their testimony is within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible. . . .

"In determining valuation pursuant to . . . § 49-14, the trier, as in other areas of the law, is not bound by the opinion of the expert witnesses . . . . The evaluation of testimony is the sole province of the trier of fact. We do not retry the case. The conclusion of the trial court must stand unless there was an error of law or a legal or logical inconsistency with the facts found. . . . We will disturb the trial court's determination of

valuation, therefore, only when it appears on the record before us that the court misapplied or overlooked, or gave a wrong or improper effect to, any test or consideration which it was [its] duty to regard." (Citations omitted; internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Weinstein,* supra, 52 Conn. App. 352–53.

Here, the court concluded that Diamond failed to prove the fair market value of the property as of September 14, 2004. In support of its motion, Diamond offered the testimony of Liberti, who testified that the appraisal submitted by Diamond, estimating the value of the property at $60,000, was prepared by Leonard Courtemanche, also of Blue Ribbon Appraisal, LLC. According to Liberti, Courtemanche inspected the property on December 14, 2007, but backdated the appraisal to September 14, 2004. Attached to the appraisal, however, was a document indicating a sales price of the property, on September 22, 2004, of $75,000. In denying the motion for a deficiency judgment, the court noted these conflicting values in addition to the value of $72,500 suggested in Diamond's motion for a deficiency judgment, and the $56,000 that was found to be the value as of the date of the judgment of foreclosure. On the basis of the four possible and conflicting valuations, in addition to the fact that the appraisal had been backdated, the court concluded that Diamond had failed to meet its burden of proving the value of the property when it obtained title. From our review of the record, it is evident that the court rejected the appraisal offered by Diamond. Because the court was free to accept or to reject any or all of the evidence regarding valuation, we cannot conclude that it improperly determined that Diamond had failed to prove the value of the property as of September 14, 2004.[2]

[2] Because we affirm the judgment on the ground that the court did not improperly conclude that Diamond failed to prove the value of the property, we need not reach Diamond's additional claim that the court improperly

## II

## AC 29906

Georgina Spilke claims that the court improperly sustained the defendant's objection to Diamond's motion for a deficiency judgment on the basis of her argument that the family court had determined that her son acted independently of her in pursuing the deficiency judgment, and, therefore, the defendant's argument in opposition to the deficiency judgment was barred by the doctrine of res judicata. Georgina Spilke, however, was not a party to the motion for a deficiency judgment, and she has asserted that her son instituted the action for a deficiency judgment independent of her. Because she does not have a specific, personal and legal interest that has been specially and injuriously affected by the court's judgment, she does not have standing to challenge the ruling, and, accordingly, this court is without jurisdiction to entertain her appeal.[3] See *Hunt* v. *Guimond*, 69 Conn. App. 711, 715–16, 796 A.2d 588 (2002).

The judgment in AC 29796 is affirmed and the appeal in AC 29906 is dismissed.

In this opinion the other judges concurred.

---

determined that it would be inequitable to grant the motion for a deficiency judgment.

[3] We note that the issue decided by the court in the marital dissolution action was whether Georgina Spilke had violated the dissolution agreement by seeking the deficiency judgment, not whether the defendant was liable for the deficiency judgment. Thus, even if Georgina Spilke had standing to appeal from the judgment of the court, because the merits of the deficiency judgment were not resolved by the marital dissolution court, it is not likely that the defendant's opposition to the deficiency judgment would be barred by res judicata.