## MTGLQ INVESTORS, L.P. *v.* LEMLEM EGZIABHER ET AL.
### (AC 33063)

Beach, Robinson and Bear, Js.

Submitted on briefs January 13—officially released April 3, 2012

*Matthew G. Berger*, filed a brief for the appellant (named defendant).

*Andrew P. Barsom,* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Lemlem Egziabher[1] appeals from the deficiency judgment rendered by the trial court in favor of the plaintiff, MTGLQ Investors, L.P., in the amount of $200,286.85. On appeal, the defendant claims that, although the court reduced the amount of the deficiency claimed by the plaintiff, the court erred by declining to reduce the deficiency judgment further. She claims that there was an inordinately long delay between the institution of the action and the deficiency judgment, and that during that time interest accumulated. The defendant claims, therefore, that the end result was inequitable. We affirm the judgment of the trial court.

On March 5, 2009, the plaintiff commenced a foreclosure action, alleging that the defendant was in default on a note for $401,475 secured by a mortgage on property located at 54-56 Broadway in Norwich, which note and mortgage were assigned to the plaintiff. On March 18, 2009, counsel for the defendant filed motions for an extension of time of thirty days to file a responsive pleading, which was granted on March 30, 2009, and for referral to the foreclosure mediation program, which was denied. On July 24, 2009, the plaintiff filed a motion for default for failure to plead, which was granted on July 31, 2009, and a demand for disclosure of defense. The defendant did not disclose a defense. The court subsequently granted the plaintiff's motion for a judgment of strict foreclosure on April 5, 2010, to which motion the defendant did not object. The plaintiff then filed a motion for a deficiency judgment pursuant

---

[1] Also named as a defendant in this action was 54-56 Broadway, LLC. Because it is not a party to this appeal, we refer in this opinion to Egziabher as the defendant.

to General Statutes § 49-14 on June 25, 2010, to which motion the defendant filed an objection on July 7, 2010. The court held a hearing on December 20, 2010, at which hearing it granted the plaintiff's motion, but reduced the amount of the requested deficiency judgment from $218,232.85[2] to $200,286.85. The defendant had requested that the deficiency be reduced more.

"[A] deficiency proceeding has a very limited purpose. . . . [T]he court, after hearing the party's appraisers, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. . . . The deficiency hearing concerns the fair market value of the subject property as of the date title vests in the foreclosing plaintiff under [General Statutes] § 49-14." (Internal quotation marks omitted.) *Brownstein* v. *Spilke*, 117 Conn. App. 761, 765, 982 A.2d 198 (2009), cert. denied, 294 Conn. 927, 986 A.2d 1053 (2010).

"[A] trial court in foreclosure proceedings has discretion, on equitable considerations and principles, to withhold foreclosure or to reduce the amount of the stated indebtedness." *Hamm* v. *Taylor*, 180 Conn. 491, 497, 429 A.2d 946 (1980). A request for a deficiency judgment is part of a foreclosure action. *People's Bank* v. *Bilmor Building Corp.*, 28 Conn. App. 809, 821–22, 614 A.2d 456 (1992). We review mortgage foreclosure appeals under the abuse of discretion standard. *Franklin Credit*

---

[2] This amount was calculated by adding the judgment debt as of April 5, 2010, attorney's fees at the time of judgment, interest from the date of judgment to the date title vested in the plaintiff, additional attorney's fees on deficiency, costs on the original judgment and an additional appraiser's fee, which calculation totaled $490,193.44. The established value of the property, $283,500, was then deducted from that total, and interest from the date title vested to the date of the deficiency judgment was added to establish a total proposed deficiency of $218,232.85.

*Management Corp.* v. *Nicholas,* 73 Conn. App. 830, 838, 812 A.2d 51 (2002), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003). "The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) Id.

The defendant argues that she "deliberately did nothing to delay this case from reaching a judgment, filing no answer or defenses," and that "[d]espite this lack of opposition it took the [p]laintiff over one year to obtain a judgment, and nearly eight more months to obtain the deficiency judgment, while a per diem interest amount of $99.70 was running the entire time." The plaintiff's counsel explained at the hearing that, because of the nature of the property, the appraiser took "a long time" to develop an appraisal. Additionally, the defendant's counsel informed the court that the hearing on the deficiency judgment was marked off at his request due to his vacation plans.

The court exercised its equitable powers to modify the terms of the requested deficiency judgment, such that the court deducted 180 days of interest to reduce the judgment from $218,232.85 to $200,286.85. The court reasoned: "I'm not deducting anything on postjudgment interest in light of the fact that the [defendant's] counsel requested a continuance of the hearing on the motion for a deficiency judgment. However . . . there was no reasonable explanation for the substantial period of time that it took [for the plaintiff to get judgment], and that's based on the court's equitable powers."

Both parties agree that the standard of review on appeal is abuse of discretion. It was not unreasonable for the court to exercise its equitable powers to reduce the deficiency judgment by 180 days of interest, and it is clear that the court considered and balanced the equities.[3] Accordingly, we conclude that the defendant has not demonstrated that the court abused its discretion by declining to reduce the judgment further.

The judgment is affirmed.

---

[3] Neither party has claimed on appeal that the court did not have discretion to render judgment in a lesser amount than that claimed by the plaintiff.