******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEPHEN C. BOMBERO, SR. *v.* TRUMBULL ON
THE GREEN, LLC
(AC 35690)

Lavine, Keller and Borden, Js.

*Argued April 15—officially released August 19, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, Hartmere, J.)

*Jeffrey A. McChristian*, for the appellant
(defendant).

*Robert C. Pinciaro*, with whom, on the brief, was
Serge G. Mihaly, for the appellee (plaintiff).

*Opinion*

BORDEN, J. The dispositive issue in this appeal is whether equity and common sense will permit a mortgage, which had been omitted from a prior foreclosure action but which had no value at the time of that action, to now be foreclosed. We hold that it may not and, accordingly, reverse the judgment of the trial court.

The plaintiff, Stephen C. Bombero, Sr., brought this foreclosure action by complaint dated December 8, 2005, against the defendant, Trumbull on the Green, LLC, the owner of the real property in question known as 6515 Main Street, Trumbull.[1] The trial court, *Hartmere, J.*,[2] rejected the special defenses[3] and the counterclaim of the defendant,[4] and rendered judgment of foreclosure against the defendant. This appeal followed.

Judge Hartmere made the following findings of fact. The defendant is the owner of the real property in question. On January 11, 1991, the property was owned by I. Anthony Mase, who executed and delivered a note, in the amount of $105,000, to the plaintiff, secured by the mortgage in question on the property. The mortgage was recorded in the Trumbull land records. The plaintiff is the owner and holder of the note and mortgage, and has not received any payment on the debt that the note represented.

By complaint dated July 26, 1996, the Greater New York Savings Bank brought an action against Mase seeking foreclosure of a first mortgage on the property dated September 3, 1987, in the amount of $2,150,000 (prior foreclosure action). Judgment of foreclosure was rendered against Mase on December 2, 1996, and by committee deed recorded on April 22, 1997, 6515 Main Street Associates, Inc., took title to the property. Although the plaintiff's mortgage had been duly recorded on the land records, it was not listed as a subsequent lien in that action, and the plaintiff was not named in that foreclosure action. Judge Hartmere specifically found that "the plaintiff was knowingly omitted from the prior foreclosure action." Thereafter, the defendant became the owner of the property. See footnote 1 of this opinion. The court also specifically found "that at the time that the defendant took title to the property, the defendant's attorney had actual knowledge of the plaintiff's mortgage."

Thereafter, in 2005, after making written demand on the defendant for payment in full of the note, the plaintiff brought the present foreclosure action. The plaintiff's updated affidavit of debt indicates the amount of the debt to be $262,826.88, with per diem interest of $23.01.

The court specifically found that the mortgage in question had no "value at the time of the execution of the note and [mortgage] deed and at the time of the foreclosure" by Greater New York Savings Bank. More

specifically, the court found: "At the time of the prior foreclosure judgment, the property was encumbered by Greater New York Savings Bank's debt of $2,287,907.07 and a Connecticut National Bank judgment lien in the amount of $298,439.99.[5] The plaintiff believed that the property at the time of that foreclosure was worth $700,000. The appraised value of the property was $1,075,000. . . . The committee sold the property for $1,075,000 to the assignee of the Greater New York Savings Bank. Thus, the evidence establishes that the plaintiff's note and mortgage were without value at the time of the Greater New York Savings Bank foreclosure." (Footnote added.)

The court rejected the defendant's special defenses of the statute of limitations and laches. Additionally, the court viewed as "intertwined" the defendant's third special defense, namely, that the plaintiff's mortgage was without value and would have been foreclosed out in the prior foreclosure action, and the defendant's counterclaim based on § 49-30.[6] Viewing the third special defense and counterclaim as such, the court rejected them based principally on the case of *Mortgage Electronic Registration Systems, Inc.* v. *White*, 278 Conn. 219, 896 A.2d 797 (2006). Accordingly, the court rendered judgment for the plaintiff.

The defendant raises a number of claims on appeal, one of which we determine to be dispositive. That claim is that, in essence, under the circumstances of the present case, equity demanded that foreclosure of the plaintiff's mortgage be withheld.[7] "Foreclosure is an equitable action, permitting the trial court to examine all matters to ensure that complete justice may be done. *Hartford Federal Savings & Loan Assn.* v. *Lenczyk*, 153 Conn. 457, 463, 217 A.2d 694 (1966). Thus, [t]he determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. *Kakalik* v. *Bernardo*, 184 Conn. 386, 395, 439 A.2d 1016 (1981). It is also a basic principle of law that common sense is not to be left at the courtroom door; *State* v. *Zayas*, 195 Conn. 611, 620, 490 A.2d 68 (1985); *State* v. *Perez*, 10 Conn. App. 279, 291, 523 A.2d 508, cert. denied, 203 Conn. 810, 525 A.2d 524 (1987) . . . ." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Bombero*, 37 Conn. App. 764, 773, 657 A.2d 668 (1995), appeal dismissed, 236 Conn. 744, 674 A.2d 1324 (1996). Finally, we examine the trial court's ruling permitting a foreclosure for an abuse of discretion. *MTGLQ Investors, L.P.* v. *Egziabher*, 134 Conn. App. 621, 623, 39 A.3d 796 (2012).

In the present case, it is undisputed that the plaintiff's mortgage was wholly without value at the time of the prior foreclosure action. Therefore, had the prior foreclosing party followed the law and made the plaintiff a defendant in that action, it is absolutely clear that the plaintiff's mortgage would have been foreclosed out

and the plaintiff would not have gained anything. To permit the plaintiff now to foreclose on a mortgage that, had the law been followed in the prior action, would have been completely extinguished, would in effect permit the plaintiff now to be in a better position by virtue of having been deprived, so to speak, of his right to be made a party to that action. Equity cannot permit one to profit by virtue of the fact that his prior rights were not respected when he would now be in a worse position than if they had been respected.

Furthermore, to permit the plaintiff to foreclose now would afford him a windfall: because he was not made a party in the prior action—which would have gained him nothing and would have inevitably resulted in extinguishing his mortgage—he would now be able to regain the value that he would have inevitably lost in the prior action. Such a course of action simply does not comport with notions of equity, and simply defies common sense. Nor is this conclusion altered by the facts, found by the trial court, that the plaintiff's mortgage was knowingly omitted from the prior action and that the defendant took title to the property knowing of the plaintiff's mortgage. Neither of those facts ultimately disadvantaged the plaintiff in any way. Thus, weighing those facts against the inequity in permitting a foreclosure now, we conclude that, as a matter of law, equity demands that the present foreclosure should have been withheld. Put another way, to the extent that the trial court did weigh the equities in this case, it abused its discretion in permitting the plaintiff's mortgage to be foreclosed.

The plaintiff relies, as did the trial court, on the case of *Mortgage Electronic Registration Systems, Inc.* v. *White*, supra, 278 Conn. 219. That case is distinguishable. In that case, the our Supreme Court was faced with the issue of whether "the trial court improperly concluded that the plaintiff's foreclosure rights were not extinguished or invalidated by a previous foreclosure action, by operation of General Statutes § 49-30 as a matter of law or equity, even though the plaintiff improperly had been omitted as a party to that action." (Footnote omitted.) Id., 221. The court viewed "all of the defendants' claims essentially [as] premised on their contention that the plaintiff's encumbrance on the property has been extinguished or affected by the operation of § 49-30 . . . ." Id., 227. The court held that, under § 49-30, the plaintiff's mortgage had not been extinguished and that the defendant's counterclaim seeking to quiet title pursuant to § 49-30 was unavailing. Id., 227–37.

Significantly, however, our Supreme Court essentially foreshadowed the issue in the present case. The court stated: "With respect to the defendants' claim that the trial court improperly rendered summary judgment because the plaintiff will be unjustly enriched in this foreclosure action as a result of having been omitted

from the [prior] foreclosure action, *we note that the defendants did not allege that the plaintiff's interest would have been essentially without value or foreclosed had it been included in the [prior] foreclosure.* Cf. *Federal Deposit Ins. Corp.* v. *Bombero*, [supra, 37 Conn. App. 770–73] (affirming judgment granting foreclosing mortgagee discharge of mistakenly omitted junior holder where, at all relevant times, defendant's junior lien, although valid as matter of law, was found to be worthless as matter of fact) . . . ." (Emphasis added.) *Mortgage Electronic Registration Systems, Inc.* v. *White*, supra, 278 Conn. 236 n.9. Thus, unlike *White*, in the present case, the defendant did claim, and the trial court specifically found, that the plaintiff's lien would have been without value and thus would have been foreclosed had it been included in the prior foreclosure action. It is this salient fact that distinguishes the present case from *White*. Furthermore, unlike *White*, our conclusion does not turn on an interpretation of § 49-30, but solely on notions of equity and common sense.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.

[1] The defendant became the owner of the property as follows. On January 11, 1991, when the mortgage in question was executed, the property was owned by I. Anthony Mase. On March 19, 1997, 6515 Main Street Associates, Inc., took title to the property by virtue of a foreclosure sale, as discussed in this opinion. By deed recorded on January 14, 1998, 6515 Main Street Associates, Inc., conveyed the property to Main Trumbull Realty, LLC, which changed its name to Twin Equities, LLC, on December 19, 2002. By deed recorded on January 10, 2003, Twin Equities, LLC, conveyed title to the property to The Old Mill at 299 Riverside, LLC, which then changed its name to Trumbull on the Green, LLC, on January 10, 2003.

[2] The case was originally tried before *Hon. Leonard M. Cocco*, judge trial referee, who subsequently recused himself. The case was reassigned to *Hon. William B. Rush*, judge trial referee, for a decision based upon the transcript and exhibits of the trial before Judge Cocco. When Judge Rush did not issue a timely decision, a new trial was granted. The case was then reassigned to Judge Hartmere, and the parties agreed that he would decide the case upon the record of the proceedings before Judge Cocco. Judge Hartmere decided the case on July 18, 2012.

[3] The defendant's special defenses were as follows: (1) the plaintiff's action was barred by the six year statute of limitations for an action on a note, as provided by General Statutes § 52-576; (2) the plaintiff's action was barred by the doctrine of laches; and (3) the plaintiff's action was without value and would have been foreclosed during the prior foreclosure action if the plaintiff had been named because there was insufficient equity in the property given the value of liens senior to the plaintiff's mortgage.

[4] The defendant's counterclaim was based on General Statutes § 49-30, which, in general, deals with the proper procedure for foreclosing an encumbrance that was omitted in the original foreclosure action.

[5] It is undisputed that both of these liens were prior in right to the plaintiff's mortgage.

[6] General Statutes § 49-30 provides: "When a mortgage or lien on real estate has been foreclosed and one or more parties owning any interest in or holding an encumbrance on such real estate subsequent or subordinate to such mortgage or lien has been omitted or has not been foreclosed of such interest or encumbrance because of improper service of process or for any other reason, all other parties foreclosed by the foreclosure judgment shall be bound thereby as fully as if no such omission or defect had occurred and shall not retain any equity or right to redeem such foreclosed real estate. Such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the party or

parties thus not foreclosed, or their respective successors in title."

[7] The other claims of the defendant are that the court improperly: (1) found that the attorney for Greater New York Savings Bank in the prior foreclosure action knew of the plaintiff's mortgage before the entry of judgment in that case; (2) rejected the defense of the statute of limitations; (3) rejected the defense of laches; (4) found that the plaintiff was knowingly omitted from the prior foreclosure action; (5) rejected the defendant's unjust enrichment special defense; (6) restored to full value a lien that it found to be totally unsecured at the time of the initial foreclosure; (7) restored to full value a lien that it found to be totally unsecured and without value at the time of the initial foreclosure because of the foreclosing bank's failure to name the plaintiff in the initial foreclosure action; and (8) rejected the defendant's reliance on § 49-30. In light of our conclusion on what we regard as the dispositive claim, we need not address any of these claims.

———————————————————